1832.

Le Roy
v.
Rogers.

## LE ROY *vs.* ROGERS.

Upon a creditor's bill filed after the return of an execution at law against the defendant unsatisfied, the complainant is entitled to a discovery as to a trust created for the defendant's benefit, by a third person, so that the court may see whether it is one upon which the complainant has an equitable claim for the satisfaction of his debt.

The exception in the last clause of the section of the revised statutes which relates to proceedings in chancery upon creditors' bills, relates to trusts held by third persons, for the benefit of the debtor or his family; but it does not extend to property in the debtor's hands upon trust, and in which he has also a beneficial interest in himself.

Upon a creditor's bill, under the statute, which is a bill for a discovery in aid of the execution at law as well as for relief against property which cannot be sold on execution, the complainant is entitled to a discovery of all the real estate which the defendant owned, within the jurisdiction of the court of law, at the time of the docketing of the judgment.

The complainant is also entitled to a discovery of all the estate or property which the defendant had at the time of filing the bill, or of putting in the answer in this court, although it is out of the jurisdiction of the court of law; as it may be reached through the medium of this court, or otherwise, upon the discovery being made.

April 17.     The facts of this case, so far as they are necessary to a correct understanding of the questions decided, are stated in the opinion of the court.

*D. S. Jones,* for the complainant.

*W. Slosson,* for the defendant.

THE CHANCELLOR.   This was an appeal from the decree of the vice chancellor of the first circuit, overruling a demurrer to a part of the complainant's bill, and overruling a part of the exceptions taken by the defendant to the master's report, on exceptions to the answer.   The bill was filed the 9th of January, 1830, upon the return of an execution at law, unsatisfied.   The judgment at law was recovered upon a deed of covenant entered into by the defendant on the 1st of June, 1827; and the judgment in the superior court of the city of New-York was docketed the 15th of December, 1829; and an

execution against the defendant's property was issued the latter part of the same month. The bill charges that the defendant is entitled to, or interested in, or possessed of, personal property, money, bank stock, insurance stock, choses in action, &c. sufficient to satisfy the judgment; but that the complainant cannot discover and reach the same at law. And among other choses in action, merchandize and effects, the complainant refers to, as still belonging to the defendant, certain goods, merchandize and effects, balances, debts and sums of money, formerly belonging or due to Le Roy, Bayard & Co., and assigned by them to the defendant in December, 1826. The bill further charges, that the defendant, since making the covenant on which the judgment was recovered, has made some assignments or transfers of his property upon some secret or other trust, for the benefit of himself, &c. And it prays a discovery of the property and effects of the defendant as they now exist, and the property he had at the time of making the covenant on which the judgment was recovered; and particularly as to the property and effects which were assigned to him by Le Roy, Bayard & Co. and how he has disposed of the same.

The defendant demurs to so much of the bill as seeks a discovery of all or any of the property and effects which he had at the time of the execution of the covenant. This demurrer certainly is not well taken, as it seeks to excuse him from a discovery of any property which he had at the making of the covenant, although it may still be held by him, or by other persons in trust for his use. The demands and property asigned to him by Le Roy, Bayard & Co. are charged to have been so held at that time, and are of course covered by this demurrer. He answers that the property so assigned was held upon a trust created by the assignors; but without explaining what that trust is. The exception in the statute relates to trusts held by a third person, for the benefit of the judgment debtor or his family, and created by persons other than himself. But it does not relate to property he himself holds in trust, and in which he has a beneficial interest, although the trust was created by a third person. Besides, it never was the intention of the statute to prevent a discovery of a trust created by a third person for the benefit of a judgment debtor, if any part of the consid-

eration upon which it was founded proceeded from such debtor. The exception relied upon is in the clause of the revised statutes which authorizes the court to prevent a transfer of the trust property, and it does not prohibit a discovery of the trust. It probably was intended to protect property, the subject of an express trust created by a parent or relative in behalf of, or for the support of an unfortunate child or relation; and which property had been placed in the hands of a trustee for the purpose of putting it beyond the reach of the cestui que trust, or his creditors. The complainant has a right to a full discovery from the defendant as to every trust created for his benefit, so that the court may see whether it is one on which his creditors have any equitable claim for the satisfaction of their debts. But if the trust turns out to be a trust of the peculiar character contemplated by the legislature, this creditor will not be able to obtain any decree respecting the same. It is not necessary for me to express an opinion upon any of the other questions embraced in this demurrer, though it is probably objectionable on several other grounds. I think it was properly overruled.

The first exception to the master's report which was disallowed by the vice chancellor, relates to the 2d, 3d and 6th exceptions to the answer. The second and third of those exceptions relate to the goods and effects assigned to the defendant by Bayard & Co.; and, for the reasons before stated, the complainant is entitled to a full answer as to the matters of those exceptions. The sixth exception relates to the Stouder bond, and depends upon the same principle. The first exception to the master's report was therefore properly overruled.

The complainant was entitled to a discovery of all the real estate of the defendant which he had within the city of New-York at the time of the docketing of the judgment, although such property may have been fairly disposed of since that time. In that case, though the discovery might not enable this court to reach the property by its own process, it would enable the complainant to reach it by an execution at law; which could be issued under the sanction of this court, notwithstanding the filing of the bill in this cause. (*The Protector* v. *Lord Lumley, Conroy's Rep.* 98.) This is a bill for a discovery, in aid of the exe-

cution at law, as well as for relief against property which cannot be levied on by execution.    For that reason the complainant is entitled to a discovery of all the property, both real and personal, which the defendant now owns, either in the city of New-York, or elsewhere.    If it is within this state it may hereafter be reached by an execution out of this court ; and if elsewhere, the defendant may be compelled by an order of the court to transfer it, by a proper conveyance, to a receiver ; to be sold and applied to the payment of the complainant's debt. Even if no relief could be afforded by this court, the complainant having exhausted his remedy at law upon his judgment, would be entitled to a discovery for the purpose of enabling him to reach the defendant's property through the medium of the proper legal tribunal.  The whole of the second exception to the master's report should therefore have been disallowed.  But as the defendant alone has appealed, the order of the vice chancellor, which allows this exception in part, must be affirmed ; without prejudice, however, to the right of the complainant to apply for a rehearing before the vice chancellor, as to the residue of that exception, if he shall deem it expedient to do so.

The fifth exception to the answer was well taken, at least to the extent allowed by the master.    The third exception to the report was therefore properly overruled.

The whole of the decree appealed from must be affirmed, with costs ; with liberty to the complainant to apply for a rehearing, as aforesaid, provided he makes such application within twenty days after the entry of the order of affirmance. If he elects to proceed upon the order as entered, without a rehearing, the defendant must put in his further answer, and pay the costs awarded by the vice chancellor, and the costs on this appeal, within twenty days after service of a copy of this order and copy of the taxed bill of costs, or an attachment may issue against him.    The proceedings are to be remitted to the vice chancellor of the first circuit, that the further proceedings may be continued there.