CONGDEN    D:ck. 277.
v.
LEE.    Order, that so much of the deposition be suppressed, as was taken, on the part of the defendant, after the witness had been once cross-examined.

### CONGDEN and others v. LEE.

A judgment creditor's bill need not be restricted to the discovery of personal property. It can be used for discovering the defendant's ownership of lands affected by the judgment; so that, when discovery is had, a receiver *ad interim* can be appointed and a new *fi. fa.* issue without prejudice. But where there is no impediment at law, the remedy should be there.

A judgment creditor, to be entitled to have a receiver of the rents of real estate, should be fairly in court with respect to the estate. The court refused a receiver in a case where the complainant and sheriff had known of the real estate before the return of the *fi. fa.*, and dissolved an injunction so far as the rents were concerned.

*March 27,*    BILL by judgment creditors after execution returned unsa-
1839.    tisfied.

*Debtor and*    Motion, on the part of the complainants, that tenants of
*creditor.*    certain real estate in the city of New-York, on which the judg-
*Judgment*    ment was a lien, attorn and pay their rents to the receiver
*creditor.*    theretofore appointed in the cause. Also, a cross-motion, by
*Real estate.*    the defendant, to dissolve or modify the injunction, so far as it
*Rents.*
*Receiver.*    affected the real estate.

The motion in regard to the rents was met and opposed by answer and affidavits, showing that the complainants were informed beforehand of this real estate ; that it had been offered to them in satisfaction of the debt ; and that when the sheriff called upon the defendant with the *fi. fa.* and inquired for property, he was referred by the defendant to the records of deeds for a description of this real estate.

Mr. *Patten,* for the complainants.

Mr. *Spring,* for the defendant.

THE VICE-CHANCELLOR :—In *Edmeston* v. *Lyde*, 1 Paige, 637, the Chancellor held it to be an established principle that every species of property belonging to a debtor could be reached and applied to the satisfaction of his debts; and that the powers of this court are perfectly adequate to carry that principle into effect. And he remarks that the only difficulty is in deciding which of the various powers of the court is best adapted to the end; which will be most convenient and least expensive to the parties; and that this, in a great measure, must depend upon the nature of the property to be reached. And the decree made in that cause, Ib. p. 642, directed a sale of the defendant's interest in real estate, being an equitable interest only and not the legal estate, the defendant having previously conveyed the title to a third person, who held it as security for advances. This case was decided in the year eighteen hundred and twenty-nine, anterior to the revised statutes going into operation, but probably with a view to their effect. The principle there laid down, however, would seem to be broader than had been admitted by Chancellor Sanford in *Donovan* v. *Finn*, Hopk. Rep., 59, decided in the year eighteen hundred and twenty-three, and which had never been overruled; for there it was held that this court had not authority to lay hold of the property or money of the debtor in the hands of a third person and apply it to the payment of his debts, even after judgment and execution returned unsatisfied, unless there were circumstances constituting fraud in withholding or concealing the property from the creditor or something in the nature of a trust for the benefit of the creditor to give the court jurisdiction. This was rather a modification of the doctrine of previous cases in our courts, (see Mr. Justice Marcy in 3 Wend. 621, and the case of *Craig* v. *Hone*, 2 Edw. Ch. R. 534,) and led to the necessity or propriety, at least, of declaring the power and jurisdiction of the court on this subject by statute. The revised statutes, therefore, are mainly declaratory; but if *Donovan* v. *Finn* was correctly decided, (and I have always been inclined to think it was, upon strict principles,) then the revised statutes must be considered as conferring upon this court jurisdiction beyond what it previously had. Be this, however, as it may, the statute must be supposed to point out the whole of the power and jurisdic-

1839.

CONGDEN
*v.*
LEE.

*April* 2.

CASES IN THE

tion which the court now possesses and can properly exercise. After declaring the general jurisdiction of the court to be co-extensive with that of the court of chancery in England, " with the exceptions, additions and limitations created and imposed by the constitution and laws of this state," the statute proceeds, § 38, to declare the right of a judgment creditor, after execution returned unsatisfied, to file his bill for the purpose of a discovery of any property or things in action belonging to the defendant or of any property, money or things in action due to him or held in trust for him ; and, for the purpose of an injunction, to prevent its transfer, payment or delivery to the defendant, with the exception of certain trust property : and then, § 39, to declare the power of this court to compel such discovery and to prevent such transfer, payment and delivery and to decree satisfaction out of any personal property, money or thing in action belonging to the defendant or held in trust for him (excepting certain trust property before mentioned) which should be discovered by the proceedings in chancery, whether the same were originally liable to be taken in execution at law or not. The revisors prepared and submitted these sections, as is well known, without excepting any trust property from the operation of such a creditor's bill, and without using the adjective " personal," as to property, out of which satisfaction should be decreed : but, in the passage through the legislature, the exception alluded to and the word *personal* were introduced by way of amendment. Some reason must have been suggested to the legislature for this ; and it would seem as if they intended, thereby, to limit or restrict the power of the court in granting relief or decreeing satisfaction to the personal property of the debtor or its proceeds, while, in regard to his real estate, it had power only to compel a discovery. But this is too narrow a view of the subject and too confined a construction to be given to the statute and to the authority and jurisdiction of the court under it. To adopt such a construction would be to render the 192d general rule of this court nugatory in part, where it speaks of the power of receivers over real estate and of making orders for the sale of lands to satisfy judgment debts. In some instances, a discovery of the real estate, of which the judgment debtor is seised, is all that may be required ; for, if his lands are so situated that the judgment is a lien, all that it is neces-

sary for the creditor to do, after obtaining a discovery or knowledge of the fact, is, to issue a fresh execution and direct the sheriff to proceed and sell. In such cases this is the course which the statute intends the creditor should be left to pursue. It aids him in the discovery of property; and then leaves him to his legal remedy where there is no impediment. But cases often occur, where the lands discovered, as belonging to the debtor, are so situated as not to be bound by the judgment and are beyond the reach of an execution upon it; and here it is right and proper that this court, which has jurisdiction to compel a discovery, should go further and exercise its authority over the debtor and compel him to submit to a sale of his lands abroad, through the medium of a receiver, and to have the proceeds applied towards satisfying the judgment, which would otherwise be unavailing to the creditor. This has been done frequently, and the power and jurisdiction of this court in such cases have never seriously been questioned, and it is now too late to do so.

In *Le Roy* v. *Rogers*, 3 Paige, 236, the Chancellor speaks very explicitly on this subject. He observes, "that a complainant may be entitled to a discovery of all the real estate of the defendant, though, after such discovery is made, this court may be unable to reach the property by its own process; but it will enable the complainants to reach it by an execution at law, which can be issued under the sanction of this court, notwithstanding the filing of the bill for satisfaction; and that such a bill may be for discovery in aid of the execution at law, as well as for relief against property, which cannot be levied on by execution. If the property discovered be within this state, (the judgment at law not already a lien upon it) it may be reached by execution out of this court; and, if situated elsewhere, the defendant may be compelled, by an order of the court, to transfer it, by a proper conveyance, to a receiver, to be sold and applied to the payment of the complainant's debt. Even if no relief could be afforded by this court, the complainant, having exhausted his remedy at law upon his judgment, would be entitled to a discovery for the purpose of enabling him to reach the defendant's property through the medium of the proper legal tribunal."

The authority of this court and the extent of its jurisdiction,

1839.

CONGDEN
v.
LEE.

in these cases of creditors' bills, are here very clearly shown. This court will not restrict or limit itself, in regard to a decree or order for a sale of lands, except where it appears that the lands are bound by the judgment and that there is no impediment to a sale under an execution upon the judgment. Where it becomes necessary to file a bill, in order to discover the defendant's ownership or seisin of lands thus bound, and which can then be effectually sold, this court, having rightfully obtained jurisdiction for the purpose of discovery, may, in addition to allowing the creditor to sue out a fresh execution at law, without prejudice to the bill, also appoint a receiver of the rents and profits, with power to let the premises, as mentioned in the 192d rule, until the sheriff's sale shall become absolute and the purchaser be let into possession under it ; unless it shall appear, that, upon the sheriff's sale, the property will bring enough to satisfy the judgment without resorting to the rents. So, likewise, a receiver of the rents and income of lands may be appointed, where the lands are so situated as not to be reached by an execution upon the judgment or some obstacle exists to an effectual sale of the legal estate by the sheriff ; and resort must be had to the power of this court to convert the lands into money, for the purpose of applying it to the payment of the judgment. Hence, the 192d rule recognizes rents and the attornment of tenants, as subjects connected with receiverships upon creditors' bills.

Then, as to the case in hand and the exercise of the powers of this court over the property in question. The facts, as they now appear by the answer and by the affidavits read in opposition to the motion of the complainants, show that there was no necessity for the complainants coming into this court for a discovery of the defendant's real estate now sought to be reached. The complainants were informed beforehand of this particular property ; and knew all about it. It was offered to them in satisfaction of their debt, before the judgment was obtained. When the sheriff called with the execution and inquired for property, he was referred, by the defendant, to the records of deeds for a description of the property which he could levy on and sell ; and there was no impediment to such a sale. This must be supposed to have been well known, both to the complainants and the sheriff, who, nevertheless

returned the execution unsatisfied, without taking any step towards a levy or sale. There is no direct proof of collusion in this case between the complainants and the sheriff, but there is enough to show that the legal remedy had not been fairly exhausted when the bill was filed. The sheriff made a false return or, at least, a return which he could not vouch for the truth of, until he had exposed the property for sale ; and the complainants knew it to be so, yet immediately filed their bill founded upon it. With respect to the property in question, they stood in no need of a discovery or of any aid of this court to effect a sale. What right, then, have the complainants to a standing in this court, with respect to this property ? To give them a right to the rents through the medium of the receiver, they should be honestly and fairly in court, either for the purpose of discovery or relief or both. True, the sheriff's return of an execution unsatisfied, *prima facie*, gives the right to file a bill of this sort ; and in *Storrs* v. *Kelsey*, 2 Paige, 418, a receiver was appointed, though it appeared that the defendant owned a lot of ground and gave the sheriff notice of the fact and requested him to advertise it, which he refused to do ; but, there, it did not appear that the plaintiff had any knowledge or information of the fact of the defendant's ownership or interest in the land ; and there was nothing from which to infer collusion between the plaintiff and sheriff in making the return. Here, the case, in that respect, is different ; and I think, under the circumstances and the law and practice of this court in respect to these creditors' bills, that the complainants are bound to pursue their legal remedy for a sale of the property ; and, not being legitimately in court for the purpose of discovery and it not appearing how far, if any, the property will be deficient towards satisfying the judgment upon a sheriff's sale, the court has not jurisdiction to lay hold of the rents in the mean time and prevent the defendant from receiving them.

The result is, that the complainant's motion must be denied and the defendant's motion to dissolve the injunction be granted, so far as it restrains the defendant from interfering with the real estate or the rents and profits of it. With the injunction thus removed, the defendant can do no act to prejudice the lien of the judgment or embarrass a sale under a new execution to be issued.

The costs of the motions may abide the event of the suit.