## James B. Clark and another *vs.* Phineas Davis.

A creditor's bill must contain the averments required by the 109th rule, and those averments must be sworn to, in the jurat.

A bill may be filed as well to reach mere equitable interests, as in aid of an execution at law, and such a bill is not multifarious.

The right to file a creditor's bill having once attached by the return of the execution unsatisfied, the party is not prevented from commencing proceedings in chancery, by the issuing of a new execution.

A general demurrer, for want of equity, cannot be sustained, unless the court is satisfied that no discovery or proof properly called for by, or founded on, the allegations in the bill, can make the subject matter of the suit a proper case for equitable cognizance.

Where a new cause of demurrer is assigned, *ore tenus*, the cause must be co-extensive with the demurrer.

1840.
First Circuit.

Clark
*vs.*
Davis.

December 1.

Motion to dissolve an injunction.

The bill filed in this case, is framed with a double aspect. It sets up the return of an execution unsatisfied, and the issuing of another execution. It seeks to reach the equitable interests of the defendant, and also to aid the second execution. The jurat is special, and as follows: .

"*State of Michigan, County of Wayne, ss.*

"Ezra C. Seaman, solicitor for the complainants, being duly sworn, says, that he drew the draft of the foregoing bill of complaint, and knows the contents thereof; that the complainants are not citizens of the state of Michigan, but of the state of New York, as stated in the bill, as this deponent verily believes; that this deponent has examined the records, papers, and proceedings in the suit stated in the bill of the complainants, against the defendant, Phineas Davis, in the office of the clerk of the circuit court for said county of Wayne, and verily believes that a judgment was obtained in said suit, and that an execution was issued thereon and returned unsatisfied, as stated in said bill. And this deponent further says, that he, as attorney for the plaintiff's, procured a new execution on said judgment to be issued and delivered to the sheriff, as stated in the bill, on the 28th day of July instant; and that this bill is

First Circuit. not exhibited by collusion with said Phineas Davis, or for the
purpose of protecting the property and effects of said Davis,
or any part thereof, against the claims of other creditors, but
for the sole purpose of compelling payment and satisfaction of
the money due on the aforesaid judgment, the whole amount
of which deponent believes to be unpaid, and the judgment in
full force." Sworn, &c.

Clark
vs.
Davis.

T. ROMEYN, in support of the motion.

The jurat is defective.

1. No sufficient cause is shown for its not being sworn to, by
the complainants. (See Rule 13.)

2. The *substance* of the jurat is not according to the rule of
the court. *Rule* 14.

3. The averments required by the 109th rule, are not sworn
to, at all. These averments are material, and, without them,
the bill cannot be sustained. *McElwain* vs. *Willis*, *3 Paige*,
505.

E. C. SEAMAN, for complainants.

The affidavit does contain and establish, by the oath of the
solicitor in the first place, an excuse why it was not made by
one of the plaintiffs; and, secondly, it establishes all the mate-
rial allegations of the bill, required by the revised statutes, to
give the court jurisdiction, (see *R. S.*, 365, *sec.* 25–26,) and
substantially complies with the rules of court.

It is averred in the bill, that the plaintiffs *are informed and
believe* that the defendant has equitable interests, choses in ac-
tion, notes, accounts, judgments, &c., amounting to over one
hundred dollars, &c., and praying a discovery.

This is, in effect, but a formal averment, calling for *discove-
ry*. The affidavit shows that the plaintiffs are citizens of New
York, and most likely they have no information whatever, as
to the equitable effects and choses in action, of Davis. At all
events, their solicitor here does not know, and cannot know,
what *information* the plaintiffs have on the subject, nor what
their *belief* is, on the subject; and, therefore, could not swear

First Circuit.

Clark
*vs.*
Davis.

that the plaintiffs were informed and believed the matters stated in the bill. The solicitor might swear that he had been informed and believed, himself, that Davis has notes, &c., but he could not swear that the plaintiffs had been *informed and believed.* The form of affidavit in the rules does not, therefore, apply to cases of bills, where an agent or solicitor swears to the subject matter.

*Rule* 14 does not apply to cases of bills, &c., sworn to by an agent, for he cannot swear to what the plaintiff *believes,* and seldom can swear to what the plaintiff has been informed. The statute and rule 110, has been complied with, by swearing to all the material parts of the bill, and all the chancellor deemed necessary when the injunction was granted.

The rules of court, requiring bills to be sworn to, apply to only so much of the bill as seeks to reach choses in action, &c., on the ground of execution returned unsatisfied. The injunction to restrain the party from disposing of real and personal property, which might be levied on under execution, was properly granted, according to the English rules, on a separate affidavit, merely setting forth the recovery of judgment and suing out execution.

THE CHANCELLOR. The jurat is insufficient. It is special, and none of the averments required by the 109th rule, are sworn to at all. These averments are material; without them the injunction cannot be sustained. (*See McElwain* vs. *Willis*, 3 *Paige R.*, 505.) The injunction must be dissolved.

Injunction dissolved.

---

The complainant having obtained leave to file a new affidavit, the following affidavit was filed as an amendment.

*Wayne County, ss.*

Ezra C. Seaman being duly sworn, deposes and says; that the complainants in this cause, are not citizens or residents of the state of Michigan; that they were both absent from the state of Michigan when the bill of complaint was filed in this

cause, and are still absent from this state, as deponent verily believes; that this deponent is the attorney and agent of said complainants for the purpose of collecting the judgment set forth in the bill of complaint in this case; that this deponent has information in relation to the recovery of the judgment set forth in the said bill, and issuing of the several executions thereon, and the return of such executions; and from such information, deponent verily believes all the matters set forth in said bill, in relation to the recovery of said judgment, issuing the several executions thereon, and the return of such executions, to be true, as therein stated, and that the whole amount of said judgment is due and unpaid. Deponent has also information in relation to the property, effects, choses in action and equitable interests and rights of said Davis, and from such information, deponent verily believes that said Davis had at the time of filing the bill in this cause, and the commencement of this suit, either in possession or held in trust for him, (not including such trusts as have been created by and due person or persons other than said Davis himself,) equitable interests, things in action or other property of the value of upwards of one hundred dollars, exclusive of all prior just claims than as is set forth in said bill. Deponent further says, that no answer has bee put in in this cause, and *further saith not.*"

Subscribed, sworn, &c.

The defendant then demurred generally, and insisted that the bill was not sustainable either as a *creditor's* bill or as a bill in *aid* of the execution.

The cause was heard upon the demurrer.

T. Romeyn, in support of the demurrer.

As a creditor's bill it is *insufficiently* verified.
Such bills must be verified by *oath.    Rule* 110.
The present bill is not verified by oath according to the rules.

*First.* The jurat should be general, extending *to the whole* bill, and according to the form prescribed by the 14th rule.

*Second.* Even if the jurat may be special, and extend to but a part of the bill, the present jurat does not cover the material statements in the bill.

The last affidavit must be considered as superceding the former. The rule to amend was for "leave to file a *new* affidavit," not a supplemental affidavit. The new affidavit does not alledge that the bill was not filed by *collusion, &c.,* in the manner prescribed by the 109th rule. These allegations are material, and the want of them renders the bill demurrable. *McElwain* vs. *Willis,* 3 *Paige,* 505.

. Again. If both affidavits are to be considered in force and subsisting, still neither of them covers the averments in the 8th folio, that the defendant has equitable interests, &c., property held in trust for him, &c. This is a part of the statement of the bill, and must be sworn to. *Rule* 110.

The bill is not sustainable as a creditors' bill, because it shows an execution outstanding, not returned, and not returnable at the time when it was filed, and to the levy of which, property sufficient to satisfy the debt, was subject. (*See* 3 *Paige,* 311.)

The bill is not sustainable as a bill in aid of an execution on account of its vagueness and uncertainty.

It does not state that the defendant was seized or possessed of any property, but merely states the belief of the complainants. *Mountford* vs. *Taylor,* 6 *Vesey,* 792.

There is no description of the property, nor of the incumbrances on it. The whole bill is vague, uncertain and informal. (*See McElwain* vs. *Willis,* 9 *Wendell,* 561, 567–8–9.)

The Gibralter stock is subject to an execution at law, (*Rev. Stat.,* 456, *sec.* 37,) but the complainant has not followed the directions of the statute as to the levy, (*R. S.,* 456, *sec.* 38,) and, therefore, is not entitled to aid in this court. 9 *Wend.,* 560.

The bill is *multifarious,* and therefore, demurrable. *Mitford Ch. Pl.,* 118, *and note.* The demurrer goes to the whole bill. *Boyd* vs. *Hoyt,* 5 *Paige,* 79.

Even if the general demurrer be decided to be inapplicable, the objections now taken are good causes of demurrer, *ore tenus. Story's Eq. Pl.,* 365.

First Circuit.

Clark
*vs.*
Davis.

E. C. SEAMAN for complainants.

The want or defect of averments required by the 189th rule of court in New York, which is our 109th rule, has been held a defect of form only, and may be supplied by amendment. *McElwain* vs. *Willis, 3 Paige,* 506, 507.

The defect in this case, if it was a defect at all, was in the affidavit only, and not in the bill, and according to the case of McElwain *vs.* Willis, was a defect of form only, at most, and has been cured by the amendment or new affidavit filed, call it by what name you choose.

.Such a defect cannot be taken advantage of, on general demurrer, but must be taken advantage of, either on motion, or on special demurrer. A general demurrer is good only when it appears on the face of the bill, that the complainant has no equity. *Story's Eq. Pl.,* 557, *sec.* 455. Demurrers for all causes except a want of equity, must be special. *Mitford's Pl.,* 213, 214; *Story's Eq. Pl..* 357, *sec.* 455, 457.

The amendments to the bill, being mere matters of form, and not of substance, are considered as forming part of the original bill, and refer to the time of filing the bill. *Hurd et. al.* vs. *Everett,* 1 *Paige,* 124; *Mitford's Pl.,* 55, *note,* 330; *Knight* vs. *Matthews,* 1 *Maddock's Rep.,* 307; *Story's Eq. Pl.,* 689; *Cooper's Eq.,* 340.

The original affidavit to the bill, (which defendant's counsel claims is defective, and not cured even by the amendments and new affidavit,) being required by the 110th rule of this court, either is, or is not, a necessary part of the bill itself. If it is not a necessary part of the bill itself, then it is a mere preliminary matter, and the demurrer being to the bill only, and not to this preliminary affidavit, cannot reach it, even if it is defective or totally wanting. If it is a necessary part of the bill itself, then the amended affidavit cures the defect, by coming directly within the terms of the general order to amend, and is good without the special clause of which the defendant's counsel complains.

If the affidavit to the bill is not a necessary part of the bill itself, then the question arises, is it necessary at all, unless for

the purpose of obtaining an injunction or receiver before an-

swer. That is the only object of it; the proceedings would be good without any affidavit at all. But if this be not the true construction, the worst construction that can be put upon it is, that it is a mere irregularity of practice. If so, the only remedy the defendant could have, would be to move to dismiss the bill, and this should have been done before appearing in the cause, or at the first opportunity after being informed of the irregularity.

By appearing and putting in a general demurrer, and allowing more than six months, and a term of the court to elapse without objection, it is now too late. The party has waived his right to raise any such objection.. It has been expressly decided by Chancellor Kent, in two cases, that irregularities of practice are waived, if the objection is not made in a proper manner at the first opportunity. *Skinner* vs. *Dayton*, 5 *John. Ch. Rep.*, 192; 2 *J. C. R.*, 249. Your honor recently made a similar decision in a divorce case, where Mr. Romeyn and Mr. Harrington were counsel.

The demurrer is general, and if too broad, must be overruled. If a demurrer is bad in part, it must be wholly overruled, as it covers too much. *Janes* vs. *Frost*, 1 *Jacobs*, 467; *Mitford's Pl.*, 214. It is here attempted to combine together several imaginary causes of special demurrer, in order to make one good cause of general demurrer—a strange mode of argument.

A bill may be filed as well in aid of an execution at law, to discover property that may be subjected to execution, as to reach mere equitable interests and choses in action. *Cuyler* vs. *Moreland*, 6 *Paige*, 274; *Leroy* vs. *Rogers*, 3 *Paige*, 236.

A bill may be filed for the sole purpose of aiding execution at law, that is, for the discovery of property, that it may be levied on by the execution; in such case the execution must be out, and in the sheriff's hands, ready to be levied on the property, when the discovery is made. *Leroy* vs. *Rogers*, 3 *Paige*, 234 to 237; *Angel* vs. *Draper*, 1 *Vernon*, 399, 398; *Smith* vs. *Lewis*, *Mountford's Taylor*, 6 *Ves., jun.*, 788.

And on a general bill, without any special allegations, defendant will be compelled to discover all his property, including lands as well as personal estate, lying out of the jurisdiction of the court.  3 *Paige Ch. Rep.*, 235.

Taking out a new execution, will not prevent the plaintiff from filing a creditor's bill, to reach equitable interests, as long as the judgment is not paid, and property sufficient to satisfy it, has not been levied on.  *Cuyler* vs. *Moreland*, 6 *Paige*, 274.

Bringing suit on judgment, after return of an execution unsatisfied, and obtaining a new judgment, will not prevent a creditor from filing a creditor's bill on the original judgment, as the original judgment is not thereby extinguished.  *Bates* vs. *Lyons*, 7 *Paige*, 86.

After judgment and an execution returned unsatisfied, if the judgment is assigned, the assignee may file a creditor's bill in his own name, and without taking out a new execution.  *Greason* vs. *Gage*, 7 *Paige*, 121 *to* 124.

The demurrer must be overruled, and if so, a receiver will be appointed of course; (*see* 2 *Paige*, 343, 346; 7 *Paige*, 58,) where Chancellor Walworth says complainant may move for an injunction or receiver.

If defendant is allowed to answer, it should be on the payment of costs.  7 *Paige*, 86, 124.

In all cases, on overruling a demurrer, leave to answer should be given only on the condition of paying costs and answering in a short period; such is the invariable rule at law.  (*See also,* 1 *Hoffman Pr.*, 215

THE CHANCELLOR.  The affidavit filed under the leave of the court, must be considered as cumulative, and does not supercede the first.  They both are annexed to the bill, and stand of record.  Treating the two affidavits as of force and subsisting, all the allegations of the bill, which are required by the rules and practice of the court, in order to entitle the party to file and prosecute a creditor's bill in this court, are sworn to. This is sufficient upon a general demurrer.  The existence of the judgment, the issuing and return of the execution unsatisfied, and the allegation that the defendant has equitable inte-

rests to the value of one hundred dollars and more, are suffi-

ciently shown, and are sworn to. The bill is not multifarious. A bill may be filed, as well to reach mere equitable interests, as in aid of an execution at law. *Cuyler* vs. *Moreland*, 6 *Paige*, 274. The right to file a creditor's bill having once attached, by the return of the execution unsatisfied, the party is not prevented from commencing proceedings in chancery, by the issuing of a new execution. 6 *Paige*, 274. It is not now necessary to decide, whether the allegations in the bill are sufficiently specific, to entitle the complainant to the relief he seeks in aid of his execution. The bill, as a creditor's bill merely, is sufficient upon this question. A general demurrer for want of equity, cannot be sustained, unless the court is satisfied that no discovery or proof properly called for by, or founded on the allegations in the bill, can make the subject matter of the suit a proper case for equitable cognizance. *Baker* vs. *Bingham*, 3 *Paige*, 246.

Where a new cause of demurrer is assigned, *ore tenus*, the cause must be co-extensive with the demurrer.

Demurrer overruled, and reference for the appointment of a receiver.