SAMUEL S. BURNS, *in equity, versus* DAVID L. HOBBS, JOHN HOBBS AND JOSIAH DEARBORN.

In a bill for discovery and to set aside a mortgage, which the plaintiff alleges was taken by the defendant with intent to defraud the plaintiff, the defendant cannot by demurring to the bill, avoid answering and disclosing the time when his mortgage was executed; or whether he claims to hold the land by virtue of it; or from disclosing, and, (if in his power,) producing the note which the mortgage purports to secure; or from stating when, where, and in whose presence and for what, the note was given; or from whom the consideration was received, and to whom paid.

If a demurrer to a part of a bill be not good as to the whole of that part, it is not good for any part of it.

THE bill alleges that David L. Hobbs was indebted to the plaintiff, upon a contract made in 1833; that he brought suit upon said contract against said David, and attached a certain farm in Parsonsfield, in February, 1841. That in said suit, he recovered judgment in 1847, for $2579 damage and $49,59 costs; that within thirty days, he caused said farm to be levied and set off to him upon the execution issued on said judgment.

That in 1834 said David, then being seized of said farm in fee, conveyed it to his son, John Hobbs, one of these defend-

ants, by a deed conditioned to be void, if said John should fail to pay a note of even date with the deed, for $2000.

That it appears by the record that in 1840, John mortgaged the land to Josiah Dearborn, the other defendant, to secure the payment of $1310,66, but the mortgage was not recorded until 1846.

The bill further alleges, that said conveyances were fraudulent, intended to defraud the plaintiff, and that said John Hobbs and said Dearborn knew of and concurred in the fraudulent intent.

The plaintiff prays that subpœnas may issue to each of said defendants to appear and answer to the bill, and particularly to make answer *under oath to certain interrogatories,* specifically set forth, and which are sufficiently recited in the opinion of the Court.

The said David and John were each requested to produce and file with the clerk the $2000 note, if he had it.

The said Dearborn was requested to produce and file with the clerk the $1310,66 note.

The said David and John severally made answers to the bill. The said Dearborn made answer to a part of the bill, and demurred as to the residue.

The opinion of the Court exhibits the portion of the bill demurred to.

*Dearborn* of New Hampshire, in support of the demurrer, refers to Story's Eq. Pl. 659.

Documents and papers which wholly and solely respect the defendant's title or defence, he is not compellable by his answer to discover or produce. Cites Wigram's Points of Discovery, 18, 19, 90, 111 to 116. See also Mitford's Eq. Plead. by Jeremy, 9, 53, 54, 190, 191 ; Hare on Discovery, 183 to 244 ; Daniel's Chancery Plea. and Prac. pages 646 and 7 ; cites Story's Eq. Plead. 572, 574 ; 4 Sumner's Vesey, 72.

Plaintiff may have benefit of defendant's *oath.* This is limited to a discovery of such material facts as relate to plaintiff's case, and *does not extend to the discovery of the manner in*

which, or of the evidence by means of which, the defendant's case is to be established, or to any discovery of the defendant's evidence. Daniel's Ch. Plea. and Prac. 646, ed. of 1846. 1 Vesey, 37; 2 Vesey, Jr., 679; see authorities cited in Daniel's Ch. Plea. and Prac. 646, note c; 3 Daniel's Ch. Plea. and Prac. 2053.

A party has right to the production of deeds, sustaining his own title affirmatively, but not to those which are not immediately connected with the support of his own title, and which form a part of his adversary's. He cannot call for those which, instead of supporting his title, defeat it by entitling his adversary. Story's Eq. Plead. 858, 859; Gresley's Eq. Ev. pages 28, 29, 30.

*John S. Abbott,* for plaintiff.

HOWARD, J. — Dearborn, one of the defendants, has demurred to a portion of the bill and answered the remainder. This demurrer presents all the questions that arise, in this stage of the proceedings. Considerations of form or substance, not noticed by the parties, and not presented by the demurrer, are waived in the present examination.

The plaintiff claims to have acquired title to certain land, by virtue of an attachment and of a levy thereon, as the property of David L. Hobbs, one of the defendants; and he alleges that David L. Hobbs deeded the premises to his son, John Hobbs, another of the defendants; that John Hobbs pretended to convey in mortgage the same property to Dearborn, the other defendant, who has entered to foreclose the mortgage, and that these conveyances were not *bona fide,* but fraudulent, and effected in truth " to protect the property, and keep it for the use of said David L. Hobbs, and to cheat and defraud the plaintiff out of his just demand against him."

The plaintiff seeks for a discovery of the facts and circumstances attending these transactions; and particularly, calls on Dearborn to state whether he did not know of said Burns' claim and suit, before he took the mortgage from John, and before David L. conveyed to John, " and to produce and file in

Court, with his answer, the original note of $1310,66, and to state what said note was given for, and when ; if for money, where ?   In whose presence, and to whom was it paid, and what was then done with it, and where and from whom did said Dearborn obtain the money ?"   " Said Burns further represents that it appears of record, that on the 22d of August, 1840, said John Hobbs executed to one Josiah Dearborn, of Effingham, N. H., a mortgage, to secure payment of $1310,66 payable in three years from that day, with interest annually, but he does not suppose that such mortgage deed was in truth, and *bona fide* executed at that time.   It was recorded the 25th of June, 1846, book 192, pages 19, 20.   And said Burns is informed and believes that said Dearborn claims to hold the premises by virtue of the mortgage."

The demurrer covers that portion of the bill above recited, and proceeds upon the position that the party demurring is not required to discover documents,. or evidence which solely respect his own title.   As an abstract proposition this may be true ; but its direct or necessary application to this case, is not required.

The plaintiff presents *prima facie*, an equitable title, at least, to the premises, which he acquired in due form of law ; and he calls upon a court of equity to sustain this title against what he considers the pretended title of Dearborn, originating and asserted in fraud of such equitable title.

Courts of equity acquired jurisdiction over almost all matters of fraud at an early date ; and they address the conscience of the defendant, as one of the most direct means of detecting latent frauds and concealments, within his knowledge.   If he do not know, such may be his answer ; but if he do know, equity demands the discovery upon oath ; unless such discovery would expose him to punishment, subject him to penalty or forfeiture, or render him infamous.

If Dearborn as mortgagee has legal or equitable rights they will be duly respected and guarded in a court of equity.   But as mortgagee, he cannot, by demurrer to the bill, avoid answering and discovering the date of the execution of his mortgage,

and whether he claims to hold the premises by virtue of it; or from discovering and producing, if within his power, the note as exhibiting the mortgage debt; or from stating when, where, in whose presence, and for what such note was given; from whom the consideration was received, and to whom paid. All this may serve to enable the court to come at, and adjust the rights of the parties; and it may all be consistent with the plaintiff's claim under the mortgage. We cannot presume, in this state of the case, that an answer to such portions of the bill as call for this discovery will impeach or impair the defendant's title.

If he be a *bona fide* purchaser, without notice of the supposed fraudulent conveyance, he may avail himself of that fact in defence, but if he acquired his title with a full knowledge of the fraud, or if he knowingly participated in effecting such fraudulent transfer, then equity demands of him a discovery of all the facts and circumstances attending it.

A demurrer cannot be good as to a part, which it covers, and bad as to the rest; the whole must stand or fall. Wigram on Discov. 82, 83 ; Hare on Discov. 140 — 145; Story's Eq. Pl. § 603 — 605, 811 ; Cooper's Eq. Pl. 207, 208; Fonbl. Eq. B. 2, ch. 6, § 2; and B. 6, ch. 3, § 3; 1 Story's Eq. Jurisp. § 31, 32, 33; *Ovey* v. *Leighton,* 2 Sim. & St. 234; *Jewett* v. *Palmer & al.* 7 Johns. Ch. 65; *Varick* v. *Briggs,* 6 Paige, 329; *Jackson* v. *McChesney,* 7 Cowen, 360; *Frost* v. *Beekman,* 1 Johns. Ch. 302; *Meth. Ep. Church* v. *Jaques,* 1 Johns. Ch. 74; 3 Black. Comm. 437, 438; 2 Madd. Ch. 286; Story's Eq. Pl. § 443; *Livingston* v. *Livingston,* 4 Johns. Ch. 296; *Higinbotham* v. *Burnet,* 5 Johns. Ch. 186; Hare on Discov. 289, 290.     *Demurrer overruled.*