# HILLSBOROUGH.

## DECEMBER TERM, 1859.

### BAY STATE IRON COMPANY *v.* GOODALL.

A creditor, whose execution is returned unsatisfied, may maintain a bill for discovery of the debtor's estate, either by virtue of the statute, or of the general principles of equity. Such a bill may be maintained against the debtor alone.

It may demand from the debtor a disclosure of his assets, and of the names of his debtors in general terms.

It may be brought in the county in which either party resides, if both reside in the State, or in any county, if the plaintiff resides out of the State.

The return of the execution unsatisfied, may be made by the sheriff of the county in which the defendant resides.

A demurrer to such bill will not be sustained on the ground that the party cannot answer without exposing himself to a criminal prosecution.

He may protect himself by his answer against discovering any facts which may subject himself to a criminal prosecution.

IN EQUITY. The bill sets forth that the plaintiffs, a corporation in Massachusetts, doing business in Boston, at the Court of Common Pleas, in Hillsborough, February term, 1857, recovered judgment against I. Goodall, of Bath, in Grafton county, for $13,230.01 debt, and $30.68 costs. A writ of execution issued on said judgment, May 8, 1857, and was delivered, September 22, 1857, to the sheriff of Grafton, for service, who made diligent search and found no goods or estate of said Goodall, and therefore, on the

return day, returned the execution to the court unsatisfied; that said Goodall was then and still seized and possessed of a large amount of real estate, goods and chattels, real and personal, and of things in action; large sums were due him, much property and money and many goods and chattels held in trust for him, the situation and description of which were unknown to the plaintiffs; that his debtors and trustees were also unknown, and said real estate, goods and chattels, debts and trust property, have been conveyed, assigned, concealed, &c., and arranged, so that the plaintiffs cannot obtain satisfaction of said judgment; that said Goodall, combining, &c., has conveyed, &c., said property, &c., so that the plaintiffs are unable to levy said execution, or collect said debt, &c., by ordinary process of law, &c., and pretends he had not, nor has any such property, &c., and has not conveyed, &c. The plaintiffs charge the contrary, and that then and since he was owner of real estate, &c., and has disposed of the same, &c., and refused to give information, &c., or to expose, &c., the same, though requested by the sheriff, while he held said execution.

The bill prays an answer thereto, and to various interrogatories, in general terms, respecting the defendant's property and the disposition of it; prays an injunction against the defendant's selling, &c., the property; that his judgment may be satisfied out of the property discovered; for general relief, and for process.

The defendant demurs to so much of the bill as seeks a discovery, because he cannot answer as to any discovery of the matters required by the bill, because by so doing he may subject himself to certain pains, penalties, &c.

The defendant also demurs to the relief sought, because, 1. The court in the Second Judicial District has no jurisdiction, but the jurisdiction belongs to the court in the Fifth District, in which the defendant resides. 2. The bill is filed against the defendant alone, and no debtor, trustee, or other person is made a party. 3. No sufficient matter

of equity to entitle the plaintiff to relief is shown. 4. The subject is not within the jurisdiction of a court of equity. 5. The execution mentioned was never delivered to the sheriff of Merrimack, or Hillsborough, or any of their deputies.

*S. N. Bell* and *H. Foster*, for the plaintiffs.

1. A demurrer is not required to be on oath, because it asserts no new fact. Story's Eq. Pl., sec. 461; Welf. Eq. Pl. 268. This demurrer should be supported by affidavit. It sets up a defence not shown by the bill, that the discovery will subject the defendant to pains and penalties. The bill asks in relation to his property, its location and situation. Such a discovery could subject him to no penalty. It must be a case of extraordinary fraud, if he cannot disclose what sales he has made of any part of it, without exposing himself criminally. He ought to show what penalties, &c., that the court may judge. There are various exceptions to the rule that a party cannot be required to answer, where he may subject himself to penalties, &c. Though not bound to answer if he has committed an act of bankruptcy, he must answer whether he was a trader. Dan. Ch. Pr. 628; *Franeo* v. *Bolton*, 3 Ves. 270. A trader is bound to answer as to his taking secret profits, beyond his brokerage, though liable to a penalty. *Green* v. *Weaver*, 1 Sim. 404, cited Dan. Ch. Pr. 630, and Story's Eq. Pl., sec. 589, note. He must answer as to combination and confederacy, though indictable for conspiracy; *Demmen* v. *Chippenham*, 14 Ves. 245; *Mayor, &c.*, v. *Levy*, 8 Ves. 404; Hare on Dis. 143; *Niles* v. *Anderson*, 4 How. (Miss.) 365; and in case of fraud, though he may be indicted. *Macaulley* v. *Skakell*, 1 Bligh N. S. 96; and in cases where statutes require a disclosure of illegal transactions. Dan. Ch. Pr. 632, 633, notes; citing *Bancroft* v. *Wentworth*, 3 Bro. Ab. 11; *Bullock* v. *Richardson*, 11 Ves. 375; *Billing* v. *Flight*, 1 Mad. 230. The statute gives power to compel a discov-

ery in this case. Comp. Stat. 181, secs. 19, 20. Allowing this objection would subvert the whole policy of the law. Story's Eq. Pl. 521, and note. A demurrer to a bill charging fraud is bad. *Charlton* v. *Davenport,* 4 Ham. 384; *Rambo* v. *Rambo,* 4 Dessau. 251. If the party is protected from the discovery of matters which would subject him to a forfeiture, he may be required to disclose others which have no such tendency. Story's Eq. Pl., sec. 588. The defendant cannot avoid disclosing when a mortgage was executed, nor whether he claims under it, or producing the note, or stating when, where, or in whose presence, or for what it was given, nor by nor to whom the consideration was paid. *Burns* v. *Hobbs,* 29 Me. 273.

2. The venue is, in its nature, transitory. Unless a statute requires it to be brought in a particular county, the suit may be brought in any county. Saund. Pl. & Ev. 912. The bill was brought where the judgment was recovered. Here, if the plaintiff is not an inhabitant of the State, he may sue in any county.

3. One object of the bill is to ascertain the names of debtors, trustees, &c., so they may be made parties. Demurrer for want of parties must show who are proper parties. Dan. Ch. Pr. 619; Story's Eq. Pl., sec. 543; Welf. Eq. Pl. 267, 279, 280. The defect must appear on the bill itself, and proper parties shown. *Robinson* v. *Smith,* 3 Paige's Ch. 222; *Dias* v. *Blanchard,* 10 Paige's Ch. 445; *Smith* v. *Kornigay,* 1 Jones N. C. 40; *Chapman* v. *Hamilton,* 19 Ala. 771. The intention of the statute was to enable the creditor to compel the debtor to disclose where and in whose hands his property is. If he knew these facts, nothing would be gained by the proceeding. To require the names of such persons to be inserted in the bill would defeat the object of the statute.

4. To the last three causes of demurrer — the statute provides distinctly for bringing such bill, and that the court shall have power to grant relief, compel a discovery,

Bay State Iron Company *v.* Goodall.

prevent the transfer of property, and to decree satisfaction of the plaintiff's judgment out of any property or choses in action so discovered, whether they might be taken in execution or not. There is no necessity, by any provision of the statute, to place the execution in the hands of the sheriff of more than one county. The decisive point is, that it was so placed in the hands of the sheriff, and returned unsatisfied.

The defendant cannot demur to the discovery, and answer to the relief, nor demur to the discovery and omit to demur to the relief, for then he demurs not to the thing required, but to the means by which it is obtained. Dan. Ch. Pr. 605; *Brownell* v. *Curtiss*, 10 Paige 214; Story's Eq. Pl., sec. 546; Welf. Eq. Pl. 133, 265, 284. The defendant demurs to the relief to give his demurrer suitable form, but the demurrer to the relief not being allowed, the demurrer to the discovery is also bad.

*C. R. Morrison*, for the defendant.

1. The bill charges an indictable fraud. 2. We have no rule requiring a demurrer to be supported by affidavit. 3. The demurrer introduces no new matter. 4. The law is well settled that a party cannot be compelled to discover an indictable fraud, and the cases cited by the plaintiff's counsel are entirely consistent with it. Dan. Ch. Pr. 627; Story's Eq. Pl. 648. 5. We have no statute which compels a party to discover an indictable fraud, and the constitution of the State would be in the way of any such statute. 6. The court will take judicial notice of the statutes of this State. 7. The statute is only declaratory of the rule which has been sometimes questioned, but which is recognized in *Tappan* v. *Evans*, 11 N. H. 326. 8. In all the cases cited by Chief Justice *Parker*, the bill was against the debtor and some particular person or persons, as trustees, or fraudulent grantees. 9. No case like the present can be found in any of the books. 10. The bill is not

brought within the language of the statute, which author-
izes the bill against the debtor and some other person.
11. Such a bill, for general information in regard to all a
man's affairs, and to prevent him from disposing of any
of his property, is in the highest degree unreasonable.

BELL, C. J.   It was formerly held to be within the juris-
diction of the court of chancery in England to entertain
a bill for discovery in aid of an execution at law.   The
authorities which support this position are found collected
in *Bayard* v. *Hoffman*, 4 Johns. Ch. 453; *Brinkerhoff* v.
*Brown*, 4 Johns. Ch. 677; *Hadden* v. *Spador*, 20 Johns.
562.   Since these decisions the law has been considered
settled in this country in favor of this equitable jurisdic-
tion, though the current of authority in England, since
1790, is said to be adverse to this proceeding.   *Gordon* v.
*Lowell*, 21 Me. 251; *Bigelow* v. *Society*, 11 Vt. 283; *Water-
man* v. *Cochran*, 12 Vt. 699; and see numerous cases col-
lected in 1 U. S. Eq. Dig., Debtor and Creditor, III.

In the case of *Tappan* v. *Evans*, 11 N. H. 311, the sub-
ject was ably considered by Chief Justice *Parker*, and the
question must be considered as settled here.   " The gen-
eral principle deducible from the authorities," says the
learned chief justice, " is, that where property is subject
to execution, and a creditor seeks to have a fraudulent
conveyance or obstruction to a levy or sale removed, he
may file a bill as soon as he has obtained a specific lien
on the property, whether the lien be obtained by attach-
ment, judgment, or the issuing of an execution.   But if
the property is not subject to levy or sale, or if the cred-
itor has obtained no lien, he must show his remedy at law
exhausted by an actual return upon his execution, that no
goods or estate can be found (which is pursuing his rem-
edy at law to every available extent), before he can file a
bill to reach the equitable property."

The remedy in equity in the first of these classes of cases is distinctly recognized in *Dodge* v. *Griswold*, 8 N. H. 425, as well as the principle that relief will be afforded only where a specific lien has been obtained; and in *Stone* v. *Anderson*, 26 N. H. 506, where it is held that an attachment alone is a sufficient lien.

Where the property has not been levied on by execution, or where it is of such a nature that it could not be levied upon, or reached by an execution at law, the return of the execution unsatisfied will not, of itself, give the creditor a specific lien upon the trust property or choses in action of the debtor. He must follow up his execution by the commencement of a suit in equity, or do some decisive act showing an intention to pursue the fund, to gain a specific lien. *Ward* v. *Pierce*, 7 Cow. 728; *Tappan* v. *Evans*, 11 N. H. 328.

In this proceeding the complainant is entitled to a discovery of all the real estate on which he had acquired a lien by his proceedings at law, and of the nature and character of the incumbrances upon it, and of the conveyances of it; that, if fraudulent, they may be removed by a decree, and the plaintiff may be enabled to reach it by an execution at law. He is also entitled to a discovery of all the property, both real and personal, now owned by the defendant, wherever it may be situated; that if within the State it may be reached by an execution, and if elsewhere, or if such that it cannot be taken on execution, as trust funds, choses in action, stocks, &c., the defendant may be compelled, by an order of the court, to transfer the property by a proper conveyance to a receiver, to be sold and applied to the payment of the complainant's debt. He has a right to a full discovery from the defendant of every trust created for his benefit, that the court may see whether it is one on which his creditors have any equitable claim for the satisfaction of their debts. *Leroy* v. *Rogers*, 3 Paige 234.

If it was possible to entertain a doubt of the authority of the court, as a court of equity, under its broad general powers, in all cases of fraud and trust, to require a full discovery of all a man's estate, legal and equitable, and to make all proper decrees to subject the same to the execution of his creditors, that doubt is effectually removed by the statute of July 2, 1845; Laws of 1845, ch. 234; Compiled Statutes 436. It enacts that, "whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in the Superior Court of Judicature, against such defendant and any other person, to compel the discovery of any property or thing in action belonging to the defendant, or any property, money or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant; except when such trust has been created by, or the fund so held in trust has proceeded from some person other than the defendant himself. The court shall have power to compel such discovery, and to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgment out of any property, money, or things in action belonging to the defendant, or held in trust for him, with the exception before stated, and of property specially exempted from attachment and execution, which shall be discovered by the proceedings in chancery, whether the same were originally liable to be taken in execution at law or not."

We are unable to perceive that this statute enlarges in any way the remedies of parties, or the powers of the court as they existed before, upon the well defined principles of equity jurisdiction; but the existence of such a statute removes all doubt upon two of the causes of demurrer to the relief asked by the bill: namely, because

no equity is shown in the bill such as to entitle the plaintiff to relief, and because the subject is not within the jurisdiction of a court of equity.

On the first reading of the bill we were inclined to doubt whether a bill so general, inquiring as to all a man's property, both at the present time and at the time the judgment was recovered, and as to all his dealings and transactions with it since the judgment, could be sustained. It seemed as if the attention of the court should be drawn to some specific property, or interest, as to which some fraud, or trust, or liability to the payment of the plaintiff's debt, should be specially alleged. And such seems to be the more usual form of bills of this kind, so far as we have been able to gather the form of the bill from the cases reported. In many of these cases it would seem that in addition to the special averments as to the particular property, there are general averments that the defendant has estate, real and personal, choses in action, &c. *Leroy* v. *Rogers*, before cited; *Edmiston* v. *Lyde*, 1 Paige 637; *Clarkson* v. *Depeyster*, 3 Paige 320.

Our doubts on this point have been removed by the decision of the court in *Leroy* v. *Rogers*, before cited, where a demurrer to so much of a bill, charging in general terms the possession of real and personal estate, money, bank stock, insurance stock, and choses in action, though accompanied by special allegations as to certain property, as related to the discovery of any or all of the property and effects which the defendant had at the time of making the covenant on which the plaintiff's action was founded, was overruled on the ground that a decision sustaining it would operate to exonerate the defendant from discovering any of that property which he still held, or others held in trust for him; and the court held, as before stated, that the plaintiff was entitled to a discovery of all property held in trust for him, of all real estate and personal property subject to execution, or which could be reached by an order of court.

In Brightley's Eq. Jur. 392, in discussing bills of this class, it is laid down that the bill should set forth that there is reason to believe that the defendant has real and personal estate, wherewith the judgment may be satisfied; that such real estate has been conveyed, transferred, or incumbered, and said personal estate has been removed, transferred, or concealed, &c. At page 678 a form of a bill of this kind is given, where the allegations are as broad as in the present bill; that the defendant has real and personal estate wherewith the said judgment may be satisfied; that such real estate has been fraudulently conveyed and transferred, and such personal property has been removed, transferred and concealed, with intent to prevent the same being made liable for his debts.

Two cases are cited in the U. S. Eq. Dig., Dr. and Cr., III., to the point that a judgment creditor may demand from his debtor a disclosure of his assets and of the names of his debtors, in general terms. *Myers* v. *Turnpike Co.*, 11 Ohio 273; *Cadwallader* v. *Granville Soc.*, 11 Ohio 292.

A form of creditor's bill, as general as that in this case, was commonly used in New-York before the new code of practice. As we find no decision prescribing any limitation to the form of the inquiries, as the statute is in terms very general, and the case must be frequent where none other than general inquiries can be made, we are satisfied there is no just foundation for this objection.

The other grounds of demurrer to the relief sought are, first, the want of jurisdiction of the court in the second judicial district, the defendant residing in the fifth.

We have no statute prescribing the county in which equitable proceedings shall be commenced. The jurisdiction in such cases is given to the Supreme Judicial Court, without reference to the county or district in which it may be sitting. By analogy to the course in actions at law, we may properly hold that bills in equity should be filed in

the county where one of the parties resides, if both reside within the State ; but if the plaintiff does not reside in the State, the bill may be brought in any county, at his election.  The plaintiff here being a corporation organized under the laws of Massachusetts, and having its place of business in Boston, cannot be regarded as residing here.

The second ground of demurrer is, because the bill is filed against the defendant alone.  This objection is founded on the language of the statute of July, 1845—" may file a bill against the defendant, *and any other person,* to compel a discovery," &c.  The argument is, that as the statute speaks of the defendant and any other person, the bill must be brought against two persons at least, and cannot be maintained against the debtor alone.

This bill, though authorized by statute, is founded on established principles of equity, and by the general rules governing equity proceedings it might be filed against the defendant in the execution alone, or against him and others.  It can hardly be assumed that the legislature could have intended to narrow the jurisdiction of the court by merely affirmative words.  If not, the bill would still be well sustained under the general equity powers of the court.  The statute is very briefly expressed, and must be construed with reference to its object, rather than according to its strict grammatical construction.  In terms, the statute authorizes the filing of a bill against such defendant and any other person, to compel, &c.  This is not to be understood literally.  It is not meant that such a bill may be filed against *any one.*  It must be construed, any other person legally liable, and thus understood it will be seen that it is incapable of the restrictive meaning claimed for it.  " May file a bill against the defendant and any other person legally liable," does not in the least imply that it may not be brought against the defendant alone.  It would be consistent, too, with the received

principles of interpretation, that *and* should be construed *or* as well as *and*, and thus to authorize a proceeding against both, or either of the parties, as the case might require; especially as there must be many cases within the apparent scope and design of the statute, which would otherwise be excluded from its operation. Such would be all that class of cases where the defendant might have money, choses in action, &c., in his own hands, with which no other person had interfered.

In the plaintiff's argument it is insisted that whenever a demurrer is put in for want of proper parties, it must show who are the proper parties, from the facts stated in the bill; not indeed by name, for that might be impossible, but in such a manner as to point out to the plaintiff the objection to his bill, and to enable him to amend by making proper parties. So is the rule laid down in Story's Eq. Pl., sec. 503; Dan. Ch. Pr. 619, note; *Dias* v. *Blanchard*, 10 Paige 454; *Robinson* v. *Smith*, 3 Paige 230.

Where it is not apparent from the bill itself that necessary parties are omitted, it can be taken advantage of only by a plea or answer, showing who are the necessary parties. 3 Paige 230; 2 Paige 280. It is here apparent that though it may be held that other parties are required, yet nothing can be learned from the bill of the names of such parties, or of any description by which the plaintiff may correct his bill.

The case, too, falls within an exception stated in Mitford's Pleading 146, and which is recommended by its good sense. "If the bill seeks a discovery of the parties interested, a demurrer for want of necessary parties will not hold." 1 Dan. Ch. Pr. 619.

The third and fourth causes of demurrer have been fully discussed.

The fifth cause is that the execution on the judgment has not been delivered to any sheriff in this judicial district. The language of the statute is, "whenever an execution

shall have been issued, &c., and shall have been returned unsatisfied, in whole or in part." There is nothing defining the county into which the execution must have issued; and if we resort to the decisions founded on the general principles of equity, we shall find they go no further than to require that the execution should have issued into the county in which the defendant resides. *Child* v. *Brace*, 4 Paige 309; *Thayer* v. *Smith*, Harring. Ch. 439. The execution in this case was issued into the county of Grafton, in which the defendant resided, and no suggestion is made that there was any thing fraudulent or collusive in the return.

The demurrer to the discovery sought by the bill rests on the ground that the answer to the parts of the bill covered by the demurrer might subject the defendant to criminal accusations, and to pains and penalties. This ground of demurrer is set up separately to two classes of inquiries. First, to the parts of the bill which seek a discovery as to the nature and amount of the property which the defendant has, either legal or equitable, how it is situated, how incumbered, its value, and the like.

We are aware of no law by which the owner of property is subjected to any penalties, whatever may be its nature, situation, description, or character; and the same is true as to his debts and choses in action, and property held in trust for him. We can hardly imagine any pertinent and proper answer to any one of this class of inquiries, by which a party could be exposed to any penalty, and the demurrer, as to these, cannot be sustained.

The second class of inquiries to which this ground of demurrer applies, relates to the disposition of the property which the defendant had at the commencement of the plaintiff's action at law and since; what conveyances he has since made; how and when they were made, and on what considerations, and what transfers and arrangements of his property he has made, &c.

Bay State Iron Company *v.* Goodall.

It is not alleged, or suggested in the bill, that any of these conveyances have been so made as to subject the party to a criminal prosecution, or forfeiture. On the face of the bill nothing of that kind appears, and the court, upon a demurrer, cannot assume that any other facts exist than those alleged. The object of the demurrer is to obtain a decision, whether, upon the facts as they are stated, the plaintiff shows a good cause of action ; and the demurrer will not be sustained unless it appears clearly that the bill must be dismissed upon a hearing. Now it is evident that all the interrogatories may be answered by the defendant, if his dealings with his property have been correct, without raising any questions in the criminal law. He may have had a great estate, legal and equitable, real and personal, in possession and in action, and he may now be wholly destitute, or have conveyed away the whole of it. It may all have been applied to the payment of debts, or lost by fire, or casualty, or speculation; or it may have been fairly and honorably disposed of otherwise, and be now existing in other and perhaps more eligible forms, without the least imputation of illegality or dishonesty. The court cannot presume that all a man's dealings with his estate have been illegal, and such as the law will punish, even if he suggests it himself.

So far as the demurrer is to be regarded as setting up and alleging that the defendant's transactions with his property have been all or any of them illegal, and punishable, it is a speaking demurrer, which, for that reason, cannot be sustained. Dan. Ch. Pr. 656, and notes.

But if it were true, that the answers to some of the inquiries in either of these classes must be such as to subject the defendant to penalties, the demurrer cannot be sustained, if it appears that any inquiries, material to the case, may be answered without such hazard, because it is a familiar principle that a demurrer cannot be good as to a part of what it covers, and bad as to the rest. Dan. Ch. Pr. 651, notes.

Bay State Iron Company v. Goodall.

As to this question, the case of *Burns* v. *Hobbs*, 29 Me. 273, is much in point. It was a bill for discovery, and to set aside a mortgage alleged to be fraudulent, against a levy of the plaintiff. It was held that the defendant could not, by demurrer, avoid answering and discovering the date of the execution of his mortgage, and whether he claimed to hold the premises by virtue of it, or from discovering and producing the note, if within his power, or from stating when, where, in whose presence, and for what such note was given, &c. All this, it is said, may serve to enable the court to come at and adjust the rights of the parties, and it may all be consistent with the plaintiffs' claim under the mortgage. We cannot presume that an answer to such portions of the bill as call for this discovery, will impeach or impair the defendant's title. See *Leroy* v. *Rogers*, before cited.

We should hesitate in arriving at this result—that the demurrer must be overruled—if we did not regard the rule as well settled, that where the defendant cannot make a discovery of the facts upon which relief is asked, without subjecting himself to a criminal prosecution or forfeiture, he may, in his answer, insist that he is not bound to make any discovery that may subject him to a forfeiture; this being an exception to the general rule, that the defendant cannot by answer object to answer as to any particular matter of which a discovery is sought in the bill. Lube's Eq. Pl. 324; Welsby's Eq. Pl. 359; 4 Johns. Ch. 432; *Livingston* v. *Harris*, 3 Paige 537.

*Demurrer overruled.*