Sewall, J.,
delivered the opinion of the Court.
The goods in question were liable to the execution of Fuller, the judgment creditor of the intestate, and were properly seized by the defendant, unless the administratrix had acquired a property in them in consequence of her having settled an account with the judge of probate, in which she had charged herself with the value, as ascertained by the appraisement. If she did so acquire a property in them, they became the plaintiff’s on his intermarriage with hei, and he has rightfully replevied them.
But we are all of opinion that the mere act of charging herself with the appraised value of these goods, and settling an account in the probate office, did not vest the property in the administratrix, to the exclusion.of the creditors of her intestate. She might, not-, withstanding these proceedings, have caused these goods to be sold at public auction, and if they had proved to be of a greater value *75 than the appraisement of them in the inventory, she would have been chargeable with the surplus.
The charge in the account of an executor or administrator, is prima facie evidence only of assets to the amount of the inventory ; for if, by any inevitable accident, a part of the articles inventoried should be lost, without the default or neglect of the executor or administrator; or if, in a sale at auction fairly conducted, the real value or proceeds should be found to be less than the appraisement, the loss or difference will be allowed in the adjustment of the account ; or these circumstances may be given in evidence to repel a charge of waste.
In short, the possession of an administrator is in autre * droit; and the goods of deceased persons, until accounted for by the payment of debts to the amount, at least, of their appraised value, continue liable in the hands of an executor or administrator.; and the goods or moneys, which were a testator’s or intestate’s at his decease, are liable to be claimed in that right, so long as they are distinguishable in the hands of an executor or administrator, or in the hands of their representatives. If the goods of a testator remain in specie, they shall go to his administrator de bonis non. If an executrix of the obligee takes the obligor to husband, that is no extinguishment of the debt; for the money, when paid to her as executrix, is distinguishable, and if she dies intestate shall go to the administrator de bonis non of her testator. (2)
Whether, while distinguishable, and until a sale by an executor or administrator, the goods of a testator or intestate continue liable", or the property and right in which they are holden be allowed absolutely against creditors as well as others, by a payment of debts and incurring charges of administration to the full value and amount of the inventory, although not before, is a question which we are not called upon to decide in this case.
The sheriff, upon a fieri facias, has no power to seize the proper goods of an executor, until after a return of a devastavit. (3) An officer, therefore, who takes goods from the possession of an executor or an administrator, against their consent, and when not produced on their part to satisfy an execution against the testator or intestate, incurs an extraordinary risk. For though the goods may have been the property of the deceased, yet his representative may have acquired the property absolutely by a sale, if not by paying debts to the full value; and in that case his title would- not be restricted, as I apprehend, to an account rendered and adjusted in the probate office, but would be provable by other evidence of a *76 sale or of debts paid, and of a fair and full administration, to the amount of the inventory of personal assets in goods; and thus the officer might become liable in trover or replevin.
* This course, therefore, where there is any uncertainty, ought to be avoided, being wholly unnecessary. For a refusal to satisfy an execution against the effects of a deceased person in the hands of his representative, exposes such representative to a charge of waste, and to be adjudged liable out of his own goods or estate. And we are inclined to the opinion that the property of the goods of a testator or intestate ought to be considered as vested absolutely in the executor or administrator, after an administration to the full amount and value.
This seems to be necessary, that we may place a rightful executor or administrator upon the same footing in this respect with an executor de son tort. It seems to be clearly settled, that an executor de son tort may discharge himself, even against the demand of the rightful administrator, by proving debts paid to the amount of the goods received, which had belonged to the deceased; although some doubt has been expressed whether, in that case, an executor de son tort may not be made liable for goods remaining in his custody. (4) But this doubt will not, I think, apply to the case of a rightful administrator, who retains in a regular course of administration.
In the case at bar, there is no pretence that debts had been paid to the value of the goods of the intestate which had come to the hands of the administratrix; and, to give the second husband a remedy for the goods of the deceased in the hands of the administratrix, and which she holds in autre droit, at least until their value has been expended in the administration, would but produce a circuity of action in a case, where a relative situation of the parties by no means requires it. For if the husband recovers in this action, he and his wife must become immediately liable to the same amount, in a scire facias for waste.
According to the agreement of the parties, by which this action is referred to the opinion of the Court, the plaintiff must be called, (a)

Plaintiff nonsuit

 1 Salk. 306.

 1 L. Raym. 591.

 Bull. N. P. 48. — Carth. 104. — Cases K. B. 441.

 [Vide Clark & Al. vs. May, 11 Mass. Rep. 233. — Jewatt vs. Smith, 12 Mass Rep. 309.— Grosvenor vs. Gold, post, 209. — Rev. Stat. c. 110, § 1.—Ed.]