## JAMES FOSTER *versus* JONATHAN HUNTINGTON and another.

Where an administrator, who has obtained an execution in his favor as administrator for a debt due to the deceased, causes the same execution to be extended upon land, the title to the land vests in the heirs of the deceased, and cannot be sold by the administrator without a license from the judge of probate.

THIS was a writ of entry, in which the demandant counted upon his own seizin of two tracts of land in Alexandria, and upon a disseizin by the tenants. The cause was submitted to the decision of the court upon the following facts.

William Foster died seized of the demanded premises, and administration of his estate was committed to his widow, Mary Foster, who, under a license granted by the judge of probate, sold the same premises to one David Foster, junior, and accounted for the proceeds of the sale on her account as administratrix, on the 28th January, 1828.

The said administratrix, having afterwards recovered two judgments against the said David Foster, the one in her own right, and the other in her capacity of administratrix, and sued out executions, caused the said executions to be extended upon the demanded premises, the one execution upon one parcel, and the other execution upon the residue.

And the said David Foster having failed to redeem the land, the said Mary conveyed the same to the demandant by a deed of warranty in the usual form.

The question was, whether that part of the land on which the execution, which the said Mary had obtained in her capacity of administratrix, had been extended, passed by her deed to the defendant, without a license from the judge of probate.

*Bradley*, for the plaintiff.

*Upham*, for the defendant.

*By the court.* We shall, in the first place, consider what interest executors and administrators have, as such, in the goods and chattels of the deceased, and then examine the provisions of our statutes in relation to lands, which may come into their possession by the extent of executions to secure debts due to the deceased.

It seems to be well settled, that executors and administrators have an interest in all the personal estate of the deceased, but such estate is not absolutely their own property. They have it in another right, and are only the ministers and dispensers of the goods and chattels of the dead. 9 Coke, 88, *Pinchon's case* ; 9 Mass. Rep. 74, *Wentworth's executor*, 88 ; Lovel. 21.

They may become absolutely the owners of the goods by the payment of debts to the full value. 3 Johns. Ch. Rep. 318 ; 1 J. & W. 64 ; Shep. Touch. 475. But until they thus become the absolute owners, the goods of the deceased cannot be taken on execution to pay their own debts. Godol. 138.

They cannot devise the goods and chattels belonging to the estate, for such devise is void. Godol. 296 ; Plowden, 526. But they may sell for the payment of debts, &c. any of the chattels, real or personal, whereof the deceased died possessed. Shep. Touch. 475 ; 7 Johns. Ch. Rep. 155 ; 7 Vesey, 165.

It therefore seems that the interest of executors and administrators, as such, in the goods and chattels of the deceased, is that of mere trustees with an authority to sell. And if there were no provisions of our statutes on the subject, and their interest in lands acquired by extents to secure debts due to the deceased, followed their interest in such debts, they must be considered as trustees of the land with authority to sell.

But this matter is regulated by statute. It is provided by the eighth section of the statute of July 2, 1822, " that if an executor or administrator, in order to secure or satisfy a debt due the deceased, shall levy on the land of the debtor, the heirs and widow, or legatees shall have the same right in the land so levied that they had in the demand thereby secured or satisfied, and it shall vest in them accordingly ; subject to the just demands with which the estate stands charged, to the same extent as the money, if received for the debt, would be subject, and to be sold by the executor or administrator in the manner provided by law. And in case of disseizin, the executor or administrator may sue for and recover the land so levied, declaring on his seizin thereof in his said capacity."

It is futher provided, in another statute of the 2d July, 1822, empowering the several judges of probate to li-

cense executors, &c. to sell real estate, section 4, " that when any executor or administrator, in order to secure or satisfy a debt due the deceased, shall have levied on the land of the debtor, it shall be in the power of the judge of probate, after giving notice, &c. to license the executor or administrator who shall give bond and be sworn, &c. to sell, &c. the land so levied, although the sale thereof be not necessary for the payment of the said just demands."

By the express words of the said eighth section, the title to lands acquired by an extent to secure a debt due to the deceased, is vested in those who were beneficially interested in the debt, subject however to be sold by the executor or administrator, *in the manner by law provided,* for the payment of just demands against the estate. We think that the words " *provided by law,*" mean, provided by statute. In the other section above recited, there is an express provision for a license. We are not aware, that there is any manner provided by law for the sale of lands, vested in heirs, by executors or administrators except by a license from the judge of probate.

We are therefore of opinion, that nothing passed in this case by the deed of the said Mary Foster to the demandant, except that part of the land, on which the execution, which she had in her own right, was extended, and there must be judgment accordingly.