Mitchell
v.
Lennox.

MITCHELL *vs.* LENNOX and TAYLOR.

Where a debtor failed and conveyed all his property to assignees, in trust to pay certain specified debts, and to divide the surplus or so much thereof as should be necessary among such of his other creditors as should come in under the assignment and release him from their debts, and to reassign the residue to the debtor, and a number of the creditors came in under the assignment and complied with the condition, it was held that the debtor could not file a bill against his assignees, for an account of the trust property, without making the creditors who came in under the assignment, and those whose debts were specially provided for and which remained unpaid, parties to the suit.

Where the complainant has omitted to bring before the court persons who are necessary parties, but the objection does not appear upon the face of the bill, the proper mode of taking advantage of it is by plea or answer.

But if the objection appears on the face of the bill, the defendants may demur.

June 7th.        THE complainant failed in 1798, and assigned all his property to the defendants Lenox and Taylor and to H. Stevenson, who has since died, in trust to pay certain debts due to the United States and to H. Stevenson, and to divide the surplus or so much thereof as might be necessary, among such of the other creditors of the complainant as should come in under the assignment and release him from the payment of their debts; and to reassign the residue of the property or to pay over the balance of the proceeds thereof to the complainant. The bill in this cause was filed against the surviving trustees for an account of the trust property; and it stated, among other things, that many of the creditors who were named in the bill, and whose debts amounted to more than $44,000, came in under the assignment and complied with the condition thereof. Two of these creditors were afterwards paid by the complainant, who took from them an assignment of their demands. The defendants demurred to the bill, on the ground that the creditors who came in under the assignment should have been made parties to the suit.

*J. S. Mitchell,* for the complainant.

*T. L. Ogden,* for the defendant.

THE CHANCELLOR. The objection in this case that all the proper persons are not before the court, so as to render the decree final as to the execution of the trust, is well taken If the debts of all the creditors who were specially provided for by the assignment, or who came in under the same, have been paid out of the assigned property, or have been otherwise satisfied, it should have been so alleged in the bill. If not, the creditors should be parties to the suit, so as to subject the assignees to but one account. Had it been stated in the bill that all the creditors who came in under the assignment, as well as those to whom a preference was given, had been paid or satisfied, or that they had released to the complainant their claims under the assignment, the defendants might have been compelled, by plea or answer, to deny the fact, for the purpose of showing that all the necessary parties were not before the court. As the objection appears on the bill itself, the proper mode of taking advantage thereof was by demurrer. In *Palk* v. *Clinton*, (12 Ves. 53,) it is said to be a universal rule not to allow an account to be taken in the absence of any person interested therein, who is within the jurisdiction of the court and can be made a party. The exception to this rule is where the parties interested are numerous and the court can get the control of the fund by a bill filed by some of them suing in behalf of themselves and all others standing in the same right. (*Court* v. *Jeffery*, 1 Sim. & Stuart, 105. *Manning* v. *Thesiger*, id. 106.) Creditors have been permitted to come in under a decree upon a bill filed by legatees. But that right was for a long time doubted. It was finally sanctioned from the necessity of the case ; as the legatees could not be presumed to know who were creditors of the estate, or whether there were any such who ought to be made parties. That principle, however, cannot apply to this case : and there is no necessity of extending it for the benefit of debtors who assign their property to pay confidential creditors, or to coerce their creditors to submit to their terms. If the debts paid by the complainant, and assigned to him, are not to be considered absolutely satisfied, so as to give the other creditors the right to the fund to the exclusion of those debts, upon which point it is not necessa-

1830.

Mitchell
v.
Lenox.

ry now to express any opinion, the bill at least should have been filed by the complainant in behalf of himself and all the other creditors who have a specific claim on the fund in the same right.

The demurrer must be allowed; with liberty to the complainant to amend his bill, on payment of costs, so as to bring all proper parties before the court.