BENNINGTON, SERENUS SWIFT *v.* LYMAN COBB, JOHN DEAN & JAMES CURTIS.
February,
1838.

The return of an officer, of the levy of an execution, is conclusive, for the purpose of passing the title of the debtor in the execution, and is not to be supplied or contradicted by any one.

The caption of a deposition, taken by a plaintiff, must state the names of all the defendants.

IN this cause the county court rendered judgment for the defendants, and the plaintiff excepted.

The facts in this case sufficiently appear in the opinion of the court, delivered by

COLLAMER, J.—This was an action of ejectment. On the trial, the county court rejected a deposition, on the objection of the defendants, in the caption of which it was certified to be taken to be used in a cause against Lyman Cobb *and others*, not naming them. This is an action of tort, in which judgment may be against any one of the defendants ; therefore, each is entitled to notice, or it must appear that *all* the the defendants resided more than thirty miles from the place of caption. Most obviously, then, the names of all the defendants must appear in the caption, otherwise it is impossible for the justice to certify, whether they were notified, or where they resided. The identity of action is not all that is necessary to appear. The deposition was correctly rejected.

The plaintiff, in making title to the land, claimed through the levy of an execution, in favor of Noah Smith, against Dunton & Fenton, and a deed from Smith to plaintiff. The defendants offered in evidence a lease from Dunton & Fenton, dated the day after Smith's attachment, with a mortgage of the land, of a previous date, and a lease from the mortgagee to the defendants. They then offered to prove, by parol, that James Purdy, one of the appraisers mentioned in the officer's levy of Smith's execution, was not, in fact, there present, but another nam, viz. one Graham Purdy. This was objected to by the plaintiff, but it was admitted by the court ; and, on the fact so appearing, the court decided, as the case says, " that the said return was irregular, and did not convey any title in the premises to Smith." This decision held that Smith obtained *nothing* by his levy ; not even as against the debtors in the execution.

The judgment and execution are conclusive, if rendered

BENNINGTON,
February,
1838.

Swift
v.
Cobb et al.

by a court of competent jurisdiction; and as much so is the return of the officer, of every act or thing within his official jurisdiction and duty. When his return is regular on its face, and is recorded, it passes the title; and a purchaser of that record title holds as secure from having it set aside, collaterally, as he does from having the judgment vacated in that manner. This can never be done in this manner, except by some subsequently attaching creditor, showing it was a judgment *fraudulent* and void, as to him. This has been so long and well settled law, that not a single authority is pretended to exist on the other side. It is, however, insisted, that *third persons*, not parties to the levy, may thus, collaterally, impeach or contradict the officer's return. In this case, however, the defendants show they claim under the judgment debtor, and it is this only that shows they have any right or interest to impeach this levy; and this brings them directly into the place of the judgment debtor, and makes the levy conclusive upon them. But it is not true that there is any such exception as that insisted upon by the defendants. The authorities relied on by the defendants consist of three cases from Massachusetts, which, on examination, will not be found to sustain such a principle. *Lawrence* v. *Pond*, 17 Mass. R. 433, was debt on a judgment. The defendant insisted that it had been satisfied, by a levy on land. The plaintiff insisted it was not satisfied, as one of the appraisers had been *convict* of felony, and was therefore incompetent. The court say " the return of the officer, as to the qualification of the appraiser, *cannot be questioned. The Inhabitants of Boston* v. *Tileston*, 11 Mass. R. 468. This was on a case stated, by agreement of the parties, wherein they agreed, that the appraisers on the plaintiff's execution, were inhabitants of Boston; and further agreed, if the court were of opinion that they were interested, the defendant was to recover. Here it is to be remarked, the defendant was not the judgment debtor, nor does it appear he claimed under him. The court say " as it is to be presumed the " officer returned that the appraisers were disinterested free-" holders, perhaps, *on a trial* between these parties, that fact " would not have been traversed." But as the facts were agreed on by the parties, and from those facts it appeared, by the very terms of the case, that the appraisers were interested,

the court was compelled to give judgment for the defendant. In the case of *Bott* v. *Burnell*, 11 Mass. R. 163, the judge says, "There has been, heretofore, a decision in a case re-" ported, in this action. The sheriff's return is conclusive, " as to the formal proceedings by the appraisers and himself, " and not to be controverted by other evidence. The effect " of those proceedings between the creditor and debtor, is " to be determined by the sheriff's return, which is not to be " supplied or contradicted." To understand fully this case, it is necessary to refer to the previous decision, to which the judge refers, and which he approves. *Bott* v. *Burnell*, 9 Mass. R. 76. That case very fully sustains the same princi-ple, and holds the officer's return absolutely conclusive, *against all persons*, to convey all the title the judgment debtor had in the land, but, at the same time, holds that the mere re-turn created no *seizin* against a stranger, possessing in his own right, and actually owning the land. The county court, therefore, erred in permitting the defendants to contra-dict, and thus collaterally set aside the levy of Smith, and holding that it was inoperative, even to pass the title of the execution debtors.

It is, however, insisted, that the case shows a conclusive title in the defendants, and, therefore, a judgment in their favor should not be reversed. The lease to the defendants from Dunton & Fenton was *after* Smith's attachment, and gives no title against him or the plaintiff. The mortgage of Dunton & Fenton, and the lease of the mortgagee to the defendants, vested in them a mere defeaseable title, and if the court had not decided one link in the plaintiff's title bad, perhaps the plaintiff would have proved that the mortgage had been paid, or that it was a mortgage fraudulent and void, as to the creditors, of whom Smith was one.

Judgment reversed.

Plaintiff, *pro se.*
*Sargeant & Miner*, for defendants.