DAN GRAY, JOHN DREW AND JOHN BOARDMAN *v.* NATHAN, PARKER AND JONATHAN K. KELLUM.

If a writ be abated, on the ground that there is no such person as the plaintiff, no judgment can be rendered for costs.

If, in such case, an execution for costs be issued against the persons in whose names the suit was intended to be brought, such execution is void, and will be set aside on *audita querela*.

AUDITA QUERELA brought to this court.    The complainants alleged, in their complaint, that an action had heretofore been commenced against the present defendants in the name of Gray, Drew & Co.; that the defendants pleaded, in abatement of the writ in said action, that there was not, at the time of the commencement of said action, any such person in existence as Gray, Drew & Co.; that the complainants filed a replication to said plea, setting forth that Gray, Drew & Co. were the said plaintiffs Dan Gray & Co.; that said replication, on demurrer thereto, was by the supreme court adjudged insufficient; that judgment was rendered for the defendants in said action on the defendants plea, and upon the ground that the plaintiffs were not parties to the suit,—and profert was made of the record in the former case; and that the defendants

had taken out an execution on said judgment, for their costs in said action, against the complainants, and had caused the same to be levied upon their property.

The defendants demurred to the complaint.

*John H. Kimball* for complainants.

*Smalley & Cooper* for defendants.

The opinion of the court was delivered by

REDFIELD, J. This case is, in effect, settled by the judgment which has just been pronounced in the case of *Wilson et al.* v. *Fleming, ante,* p. 652. For, in the very case, in which it is claimed the judgment, upon which this execution issued, was rendered, it was, after repeated arguments and consultations, most solemnly determined, upon the defendants' plea, that there was no such person *in rerum natura* as "Gray, Drew & Co.;" and that these plaintiffs were not, and could not become, parties to the record. Of course, then, no judgment could be rendered against them for costs. If any such judgment was made up by the clerk, it was void, and so is the execution issued upon it,—and it must be set aside.

Judgment that the declaration is sufficient, and that the execution therein described be set aside, and the plaintiffs recover their damages and costs.