WILLIAM E. HASKINS *v.* SENECA SMITH, NATHAN J. SMITH AND ALEXANDER P. ALLEN.

In the caption of a deposition, all parties, both plaintiffs and defendants, must be individually and correctly named.

The receiptor of property attached is not a competent witness for the defendant in the same suit, when the property attached has been, by the receiptor, suffered to remain in the defendant's possession.

And the presumption will be, that the property has remained in the defendant's possession, unless the contrary is shown.

And the court, in such case, have no authority to allow the defendant to pay to the clerk of the court a sum equal to the receiptor's liability to the attaching officer, and then discharge the attachment, or the attaching officer's liability, so as to render the receiptor a competent witness.

The fact, that a witness was rejected on the trial of a case, as being incompetent through interest, is not a sufficient reason for granting a new trial, as for a surprise.

So, where the party, on trial, proved the execution of a promissory note, and the indorsements upon it, as collateral evidence in the case, and laid the note upon the table without reading it to the jury, or giving notice to the court that it was put into the case, it was held no ground for granting a new trial, for a surprise, that the court, after the argument had commenced, refused to allow the party to comment upon or use the note as evidence in the case.

TROVER for certain promissory notes. Plea, the general issue, and trial by jury.

On trial, after the plaintiff had introduced evidence tending to prove that the defendants had received and converted to their own use the notes described in his declaration, the defendants offered as a witness one George O. Vail, to prove that the said notes were pledged to the defendants S. & N. J. Smith by the plaintiff as security for certain advances and payments which they had made for him. To the admission of this witness the plaintiff objected on the ground of interest, and proved that the witness had executed to the attaching officer a receipt for the property of the defendants, attached upon the writ in this suit; and no evidence was introduced to prove that the property was in the possession of the receiptor, or that the receipt had ever been discharged. Upon this evidence the court adjudged the witness incompetent. The attaching officer then refusing to discharge said bail from his liability as receiptor, the defendants brought into court, and offered to deposit with the clerk, the sum of $800, (which was the amount for which the officer was commanded in the writ to attach property,) and moved the court to discharge the attachment, or release the officer from his liability thereon. But the court decided that they had no power to discharge the attachment, "or to give any other relief to the defendants," so as to make the said bail a competent witness for them, and excluded him from testifying.

The defendants also offered in evidence the depositions of Eunice Vail and Eunice V. Vail, the captions of which were each in the following words; "The above deposition taken at the request of

'Seneca Smith and others, to be used in a cause to be heard and 'tried by the county court" &c., "in which cause Wm. B. Has-'kins is plaintiff and Seneca Smith and others are defendants," &c. To the admission of these depositions the plaintiff objected for the informality in the captions, in not stating the names of the defendants; and the court sustained the objection and excluded the testimony. The depositions were taken with notice, and the adverse party attended at the time they were taken.

The jury returned a verdict for the plaintiff. Exceptions by defendants.

And now at the present term of the Supreme Court, the defendants preferred their petition for a new trial in the case, on the ground that they were surprised by the exclusion of George O. Vail as a witness, as above mentioned, and alleging that the said Vail had been admitted as a witness, without objection, to testify to the same facts which the defendants now expected to prove by him, at two previous trials of this case. They also alleged that they gave evidence on the trial of the case, among other things, tending to prove that they made a payment, at the request of the plaintiff, to one William Johnson, upon certain notes which the said Johnson held against the plaintiff, and that the plaintiff, prior to their making such payment, agreed to secure them therefor, and also for what he then owed them, by pledging to them the notes for which this action was commenced; that the plaintiff, not denying his agreement to give security to them for such payment, pretended, and introduced evidence tending to prove, that, as security for such payment, he delivered to them certain notes which he held against one Reed, and that he did not pledge to them the notes now sued for; that thereupon they produced the notes which Johnson held against the plaintiff, on which were indorsed the sums so paid by the defendants, which sums greatly exceeded the amount due upon the notes against Reed,—which notes were also in evidence,—the amount of which, as the petitioners contended, would have tended strongly to convince the jury that the defendants must have required from the plaintiff a greater amount of security than the sum due upon the Reed notes, for the payments which they were then about to make; and the petitioners farther alleged, that, after they had proved the

34

genuineness and identity of the said Johnson notes, and the indorsements upon them,—of the amount of which indorsements they gave no other evidence,—they handed the said notes to the counsel for the plaintiff, with an intimation that they put said notes in evidence, to which no objection was made; and that the defendants' counsel fully supposed that said notes and indorsements were in evidence, and relied upon their being so, until the argument of the case had commenced, when, to their great surprise, the court decided that said notes were not in evidence, and refused to allow them to be commented upon to the jury.

The petitioners also alleged, as a reason why a new trial should be granted, that the jury had been improperly practised with, while they had the case under consideration; and also, that since the trial they had discovered new and material testimony;—but both these grounds were abandoned upon the final hearing.

Affidavits were filed in support of the petition, the substance of which are sufficiently shown by the opinion of the court.

*S. H. & E. F. Hodges* for defendants.

1. The judgment should be reversed on account of the rejection of George O. Vail as a witness. The presumption is, that the property receipted was still in his possession, to be re-delivered to the officer, or returned to the defendants. His interest, therefore, was balanced.

But, whatever might be the effect, had the court merely refused to exercise their discretion, they erred again in deciding that they had no power to let in the witness. A deposit of money to a sufficient amount with the officer of the court purges the interest of a witness, who is responsible to one of the parties for the payment of the judgment. Cowen & Hill's notes to Phil. on Ev. 264, 265, 1565, 1568–1570. *Gilpins* v. *Consequa,* 1 Pet. C. C. Rep. 901. *Collins* v. *Mc Crummen,* 3 Martin's (La.) Rep., N. S. 166. *Roberts* v. *Adams,* 9 Greenl. 9. *Mynn* v. *Joliffe,* 1 Mood. & Rob. 329. *Allen* v. *Hawks,* 13 Pick. 79, 85. *Beckley* v. *Freeman,* 15 Ib. 468. *Bailey* v. *Hale,* 3 C. &. P. 560. *Pearcy* v. *Fleming,* 5 C. & P. 429.

2. The depositions rejected were admissible. If it appears that

Haskins v. Smith et al.

they were taken at the request of one of the defendants, it is of no consequence who else united in the request. Neither is there any occasion for the magistrate to know who are joined in the suit with the party, requesting the taking of the deposition, since he is to certify nothing respecting them. We submit, farther, that objections of this character are entitled to no weight, when depositions are taken with notice.

3. The petition for a new trial should be granted. The introduction of the Johnson notes was essential to a just understanding of the cause; and it was no fault that they were not read. The testimony of George O. Vail was of vital consequence. The exclusion of both these sources of evidence was a great surprise to the defendants, and entirely defeated their preparations. The course of the plaintiff respecting this witness betrays also a want of fairness, which demands that a verdict, obtained by such practises, should be set aside.

*J. C. Dexter* and *Ormsbee & Edgerton* for plaintiff.

1. George O. Vail was properly excluded, as having a direct interest in the result of the suit.

2. Every thing that was offered by the defendants was merely in the nature of additional security to the officer. The offer, if complied with, tended to secure the officer against loss, but did not release him from liability.

3. The language used in the captions of the depositions was not sufficiently descriptive of the parties.

4. As to the petition for a new trial,—if the county court were right in their decision as to George O. Vail, it is not perceived how his testimony could be obtained at a future trial;—and perhaps, under the petition for a new trial, it may not be irrelevant for the court to consider the fact, that it has once been admitted, without changing the verdict.

The evidence to be derived, if any, from the Johnson notes would have merely been in some slight degree cumulative, if, indeed it would have added any thing to the evidence bearing upon that point already in the case.

The opinion of the court was delivered by

WILLIAMS, CH. J.   In this case there are exceptions to the decisions of the county court upon the trial, and there is also a petition for a new trial.

The first exception is, that the county court improperly excluded the depositions of Eunice Vail and Eunice V. Vail.   The decision was conformable to the decision of this court in the case of *Dupy* v. *Wickwire,* 1 D. Ch. 237, and also in the case of *Swift* v. *Cobb,* 10 Vt. 282.   Indeed the latter is almost identical with the one at bar.   In the caption to a deposition the parties must be correctly described, and, in order to this, the christian and sirnames of the parties, both plaintiff and defendant, must be set forth.   It is neither a correct, nor accurate, description of the parties defendants, to name them "Seneca Smith and others."   A judgment rendered in the name of a firm and an execution issuing thereon were adjudged void in the case of *Gray, Drew & Co.* v. *Parker,* 16 Vt. 652.

The second exception is, that the court excluded George O. Vail as a witness.   It appeared that the property of the defendants in this suit was attached, and the witness offered receipted it to the officer making the attachment.   The usual course, when property is thus attached, is, that it goes back to the defendant, and the receiptor becomes a surety for him for the value of the same; and the presumption is always conformable to this usage, until the contrary is shown.   The party introducing a witness, situated like the one in question, could, if such was the fact, show affirmatively that the property attached remained in the hands of the receiptor.   The party opposing the introduction of the witness could not show the contrary, unless he resorted to the testimony of the witness himself, on his *voir dire.*   This he is under no obligation to do.   The witness offered was apparently interested in behalf of the party, and was properly rejected.

A question is then raised, whether the court should, on the offer made by the counsel for the defendant to bring the sum of eight hundred dollars into court, have discharged the attachment, released the officer from his responsibility, and admitted the witness to testify.   We apprehend it was not within the legitimate and appropri-

Haskins *v.* Smith et al.

ate power or duty of the court below to discharge the attachment, or release the officer from his responsibility, or interfere in the contract between him and his receiptor. It is not the appropriate business of the clerk to receive and take care of property attached, or of money deposited in lieu thereof. The plaintiff, if he recover, may in such a case resort to the officer attaching, and his sureties, and is not to call on the clerk or officer of this court for money, which it is not his official duty to keep, and for the safety of which his official sureties are not responsible.

This was the only offer made, and the only decision excepted to, and the only one of which this court can take notice. The remark which is brought into the bill of exceptions, that the court had no power *to give any other relief*, can be considered as only applicable to the case then presented; and on that we have already considered that the court could not grant any relief. If any thing farther was meant, or intended, by that expression in the exceptions, I have only to say, that it would have been improper for the counsel to ask the court how they could render the witness admissible, or for the court to decide that under no possible circumstances they could admit him. It is sufficient to say, that, under the circumstances presented to the court below, and the offer made, the court correctly decided that they could not discharge the attachment, or give any other relief to the defendants.

What powers the courts of Great Britain have in discharging bail, or substituting other security, is of no consequence in this case. In all the cases read the bail were, by order of court, absolutely discharged, and their names stricken from the bail piece; and a similar power is exercised in this State in relation to changing bail. But no such power is ever exercised here in relation to attachments, and, from the nature of the case, cannot be. We can neither increase the amount of a receipt, nor change the receiptor to make him a witness. The cases in Massachusetts, from Pickering, decide only this, that, when the receiptor has received of the party a sum in money equal to the value of the property receipted, he stands in the same situation as though he had the goods in his custody. It did not enter into the minds of the counsel for the defendants to adopt this course, and entrust the receiptor with the

money with a view to make him a witness, and the court was not called on to decide, whether, under such a state of facts, the witness would have been competent. The decision of the county court was right on all the questions raised by the bill of exceptions.

The petition for a new trial is presented for three causes. 1. New discovered evidence. This is now abandoned. 2. For that the agent of the plaintiff practised with the jury. This, also, is abandoned, and no evidence has been taken to sustain it. A charge of this kind ought not to be made and placed on the records, when there is no attempt to support it by proof. The charge is of a grave and serious nature; and, unless the party has some proof, or pretence, for making it, it ought not to be inserted in the petition. 3. Surprise in rejecting the testimony of Vail, and also in not putting in evidence certain notes. This ground of an application for a new trial, viz. surprise, is scarcely ever tenable; and, indeed, it is not laid down as a reason for granting a new trial in any of the modern authorities.

In this case there is no foundation whatever for this allegation of surprise. Vail was interested,—was, as it is said, an important witness; the defendants could not with safety expect, or believe, that the plaintiff would not avail himself of the objection; nor could the objection to the witness, or the decision of the court, be unexpected.

In relation to the notes, the party had no reason to suppose them in evidence, when they were not offered, or read, and no note was taken of them. Courts are usually liberal in granting continuances on trial, on such terms as they deem expedient. The defendants did not move for a continuance for this cause, but took the chance of a verdict in their favor on the testimony introduced. The notes and the indorsements contained but little evidence of any importance. To have admitted them on the argument would have operated injuriously to the plaintiff, who said he had had witnesses in attendance to disprove the indorsements. An appeal on the part of the plaintiff for a new trial on the ground of surprise, if the verdict had been against him, would have presented a stronger appeal to our discretion than is now presented.

In the exercise of our discretion we think we ought not to open this case for another trial, when there has been such a multiplicity of testimony, and so many trials, and when the case has been so greatly contested.

The judgment of the county court is therefore affirmed, and the petition for a new trial is dismissed.