WILLIAMS, *Judge of Probate, versus* ESTY.
SAME *versus* DINGLEY.

By § 16 of c. 113, of R. S. it is enacted, that whenever in any suit against any administrator, it shall appear that he has neglected or refused to account, upon oath, for such property of his intestate, as he has received, after he has been cited by the Judge of Probate for that purpose, execution shall be awarded against him, for the full value of whatever personal property of the deceased has come to his hands, without any discount, abatement or allowance for charges of administration or debts paid.

Whenever the default contemplated by this section has been committed by an administrator, a suit is maintainable against his *sureties* upon the administration bond.

And the amount of the personal property returned in the inventory of the estate, is *prima facie* evidence of the sum for which execution shall be awarded against them.

If the sureties for such default are prosecuted in separate suits, execution will be issued for the full amount of the personal estate of the intestate in each suit, but satisfaction only in one suit may be obtained.

ON FACTS AGREED.

These are two actions of *debt* on bond, signed by defendants as sureties of William Mathews, administrator on the estate of Edward Mathews.

William Mathews was appointed administrator on the first day of November, 1847, and returned an inventory on the last Monday of January, 1848, of the personal estate appraised at $3718,97.

The administrator never rendered any account of his administration. He was cited, upon the petition of creditors of the estate, to appear on the 24th day of May, 1852, and settle such account. At that day he appeared by attorney, when the petition was continued until the second Monday of July, 1852, when he failed to appear and made default; whereupon the Judge of Probate decreed his removal from his trust as administrator, and on the petition of creditors appointed Joseph W. Patterson, administrator *de bonis non* of the same estate.

On the same day, on the petition of said Patterson, the Judge of Probate authorized and directed him to put the administration bond of said Mathews in suit. These are the same then authorized.

These suits were defaulted; whereupon the plaintiff moved the Court to enter up judgment, and award execution in each of said actions, to the amount of the appraised value of the personal property returned in the inventory of the estate, which *motion is resisted* by the defendants.

The Court was to render such judgment as the law and facts will authorize.

*H. W. Paine,* for defendants.

The plaintiff is not entitled to execution for the amount sought, because —

1. § 16, c. 113, R. S. which regulates this matter, author-izes the issuing of execution against the administrator alone, and not against the sureties. It is in the nature of a penalty.

2. The inventory is not admissible in evidence against the *sureties.*

3. Execution is to issue for the amount of personal property which has come into the *hands* of the administrator.

The inventory is to comprize all the goods and credits which have or shall come to the possession or *knowledge* of the administrator. R. S. c. 106, § 3.

The inventory, therefore, is not proof that the property therein contained, has come into the hands of the administrator, even as against him.

*North,* for the plaintiff.

On examination of the statute, under which these actions are brought, (c. 113, R. S.) it will appear that two classes, of suits on administration bonds are contemplated. One without the consent of the Judge of Probate, regulated by § § 5, 6, 7, 10, 11 and 12; — the other by the consent and direction of the Judge, under proviso to § 7 and § 16th, both classes by § 13, resulting in a general judgment for the penalty of the bond. But execution is to be awarded in the first class of cases under § 14, which provides that the person for whose benefit the suit is instituted shall first have his claim ascer-tained by judgment of Court. In the 2d class, under § 16, when it shall appear in any *such suits,* that the administrator has neglected or refused to account after he has been cited by the Judge of Probate, execution shall be awarded against him for the full value of whatever personal property came into his hands.

In one case the amount of the execution is determined by the amount of claim ascertained by judgment of Court; in the other by the amount of personal property by inventory returned.

The judgments are recovered by the Judge, in trust, for the benefit of all persons interested in the penalty of the bond. But § 18 evidently contemplates the second class of cases in

which judgment is to be rendered and execution awarded for the amount of the personal property ; for if the administrator is in office, the Judge is to require him to account for the same ; if not in office, the Judge shall assign such judgment and execution to the rightful administrator, to be collected, and the avails to be accounted for as assets.

RICE, J. — These actions are against sureties on an administration bond, and both depend upon the same state of facts. The principal has not been sued. The defendants have submitted to a default. The only question to be determined is the amount for which execution shall be awarded. It is agreed that the administrator, who is the principal in the bond, has been duly cited to settle his account of administration, but has wholly neglected to do so. The plaintiff now claims execution according to the provisions of the 16th section of chapter 113, R. S., which is as follows : —

" Whenever in any such suit, against any administrator, it shall appear that he has neglected or refused to account upon oath, for such property of his intestate, as he has received, after he has been cited by the Judge of Probate for that purpose, execution shall be awarded against him, for the full value of whatever personal property of the deceased has come to his hands, without any discount, abatement or allowance for charges of administration or debts paid."

It is contended by the defendants that this section is penal in its character and applies to the administrator, in person, only, and does not affect the sureties in any way, whatever.

By the third section of chapter 106, every administrator, before entering upon the execution of his trust, is required to give a bond, with good and sufficient sureties, resident within this State, in such sum as the Judge of Probate shall order, payable to said Judge or his successor, conditioned among other things, to administer according to law, all the goods, chattels, rights and credits of the deceased ; and to render upon oath, a true account of his administration, within one

Williams *v.* Esty.

year, and at any other times when required by the Judge of Probate.

The undertaking of the sureties is, that their principal shall comply with the conditions in his bond. For any failure on his part they are equally liable to parties interested with the principal.

Chapter 113 is an Act in terms "respecting probate bonds, and remedies on the same." It contemplates ($ 8) cases in which sureties may be sued on such bonds, when the principal is not made a party, and provides for bringing in the principal by them, as a party. There is no provision in the chapter, by which sureties are, in terms, exempted from liability where the conditions of the bond have been broken. To hold that they were not liable under the 16th section, would be to offer a premium for extreme negligence or excessive and wholesale waste on the part of administrators. Under such a construction all that an administrator would find it necessary to do, to discharge his sureties from liability on his bond, would be wholly to neglect his duty, and set the authority of the Judge of Probate at defiance, by refusing to render any account of his administration. Such a construction is wholly inadmissible.

The administrator has, under oath, returned an inventory of the personal estate of the intestate. This is *prima facie* evidence of the amount of personal property which has come into his hands; *Weeks* v. *Gibbs*, 9 Mass. 74; and this devolves on him the necessity of discharging himself from the items which the inventory contains. 2 Greenl. Ev. $ 347. This has not been done, and to the extent of that inventory of personal estate, ($3718,97,) execution will be awarded in both cases, the amount, however, can be collected but once.

Shepley, C. J., and Tenney, Appleton and Cutting, J. J., concurred.