WASHINGTON MILLS (UNITED STATES v.). See Case No. 16,647.

---

## Case No. 17,248.

### WASKERN et al. v. DIAMOND.

[Hempst. 701.] [1]

Circuit Court, D. Arkansas. April, 1855.

VALIDITY OF DEPOSITION—NAMES OF PARTIES.

1. In a deposition taken under the act of congress of 1789 [1 Stat. 88], if the names of any of the parties do not appear in the caption or some part of the deposition, it is a fatal objection to it. The names of all the parties must appear.

2. Cases as to depositions cited in note.

[This was an action of detinue by James M. Waskern and others against Eli T. Diamond, as executor of Dennis Griffin, deceased.]

P. Trapnall, for plaintiff.

S. H. Hempstead and A. Pike, for defendant.

DANIEL, Circuit Justice, said it appeared the depositions of George S. Yerger and

---

1 [Reported by Samuel H. Hempstead, Esq.]

T. B. Case, offered by the defendant, had been taken, under the act of congress of 1789 (1 Stat. 88), ex parte, on account of the residence of the witnesses more than one hundred miles from the place of trial, and that the names of three of the plaintiffs did not appear in the caption or any part of the depositions. He said great strictness had always been required in depositions taken under that act, and he thought this omission fatal. He held that it was necessary to specify the names of all the parties to the suit in the caption or some part of the depositions, to the end that it might appear on their face that the testimony was taken in the same suit. The depositions were rejected; but it appearing that they were material, the court on the application of defendant granted a continuance, and gave him leave to retake the depositions. Depositions rejected.

NOTE. If the name of one of the defendants be omitted in the caption of the deposition, it cannot be read in evidence in the cause. Smith v. Coleman [Case No. 13,029]: Brown v. Piatt [Id. 2,026]. In the caption of a deposition, all parties, both plaintiffs and defendants, must be individually and correctly named. Haskins v. Smith, 17 Vt. 263. The caption of a deposition taken by a plaintiff must state the names of all the defendants. Swift v. Cobb, 10 Vt. 282. The caption should be correct in naming the suit; but where from the facts there can be no uncertainty as to the case, the deposition should be admitted. Buckingham v. Burgess [Case No. 2,088]. In Allen v. Blunt [Id. 217], it was said to be doubtful whether a caption is not insufficient, by describing the action as against one, when it was against two, and so entered and defended, though with service since only on one. A mistake in the name of the plaintiff or defendant, referring to him as plaintiff or defendant, the name being truly stated in the title, is no ground for rejecting a deposition. Voce v. Lawrence [Id. 16,979]. The authority to take testimony under the act of congress has always been construed strictly, and therefore it is necessary to establish that all the requisitions of the law have been complied with before such testimony is admissible. Bell v. Morrison. 1 Pet. [26 U. S.] 351; Harris v. Wall, 7 How. [48 U. S.] 704, 705; The Thomas v. U. S. [Case No. 13,919]. The authority conferred on the magistrate by the act is special, and the facts calling for the exercise of it should appear upon the face of the instrument. and not be left to parol proof. Harris v. Wall. 7 How. [48 U. S.] 705. The certificate of the magistrate is good evidence of the facts stated therein, so as to entitle the deposition to be read, if all the necessary facts are there sufficiently disclosed. Bell v. Morrison, 1 Pet. [26 U. S.] 355; Patapsco Ins. Co. v. Southgate. 5 Pet. [30 U. S.] 617. A deposition cannot be rejected because it does not appear that the commissioner had been sworn. Commissioners are officers appointed by the courts of the United States, and their official acts are prima facie valid. Hoyt v. Hammeken, 14 How. [55 U. S.] 349, 350. Prima facie the officer is to be presumed de facto and de jure, such as he, by his official act. describes himself to be. This is according to universal practice in taking depositions authorized by statute, unless the statute itself indicates the evidence, that shall accompany the act showing its authority. The act of 1789 requires no such authentication; and if upon the face of the certificate it appears that the person before whom the deposition was taken, was an officer authorized by the act of congress to take the same, it is all that can be required in the first instance. Ruggles v. Bucknor [Case No. 12,115]; Fowler v. Merrill, 11 How. [52 U. S.] 375. The officer taking the deposition is presumed to know the residence of the party entitled to notice, and if he certifies that the adverse party or attorney is not within one hundred miles, that is prima facie sufficient to dispense with notice. But the certificate may be controverted by parol proof with regard to stated facts, of which the magistrate is not supposed to have official knowledge; and therefore if it be proved that the adverse party or attorney, did actually live within one hundred miles, or was temporarily within that distance to the knowledge of the magistrate, and might have been served with notice, the effect would be to set aside the deposition. Dick v. Runnels, 5 How. [46 U. S.] 9. A notice left at the residence of either would be good. Id. The judge of the probate court of Mississippi, the same being a court of record and having a seal, is the judge of a county court, within the meaning of the act of 1789, and one of the officers authorized to take depositions. Fowler v. Merrill, 11 How. [52 U. S.] 393. A judge of a county court having power to administer oaths, may do so in any county in the state. Voce v. Lawrence [supra]. As to requisites of act of congress, see Harris v. Wall, 7 How. [48 U. S.] 704, 705. As the deposition must be reduced to writing by the magistrate or the deponent in his presence, it is almost superfluous to observe that it will be a fatal objection if the depositions be written by a party to the suit or his agent, counsel, or attorney. The law for wise and obvious reasons forbids it: because to allow it, would be to place it in the power of an adroit counsel, to give a coloring and effect to the statement of a witness not intended by the witness himself, and which he may not be able to discover at the time. As to depositions under act of congress, see Russell v. Ashley [Case No. 12,150]: Merrill v. Dawson [Id. 9,-469]; Rainer v. Haynes [Id. 11,536]; Marstin v. McRea [Id. 9,141].