## WHITNEY v. STARK et al.

All the parties in interest should join in an action of trover.
A failure to join, may be pleaded in abatement.
Where a part-owner sues, ex delicto, and the objection of defect of parties is not set up in the answer, the damages should be apportioned at the trial.
A sale of personal property, to be valid against creditors, must be accompanied by an actual and continued change of possession.

APPEAL from the District Court of the Seventh Judicial District, County of Napa.

This was an action of trover, to recover of the defendants, Stark, as sheriff, and Haile, as execution-creditor, the value of two buggies, which the plaintiff alleged had been wrongfully seized and converted, etc.

The defendants justified the taking of the buggies, under an execution, in favor of defendant Haile, and against one Edward H. Cage, alleging that they were the property of Cage, and not of the plaintiff.

On the trial, it appeared that Cage was only the half-owner of the buggies, the other part belonging to one Hazelrig, and that he had only sold his half-interest to plaintiff. At the close of plaintiff's testimony, defendants moved for a nonsuit, on the ground of non-joinder. Motion denied, and defendants excepted.

It further appeared that plaintiff, after his purchase, neglected to remove the buggies, and permitted them to remain in Cage's

stable, until they were attached as his property, in the suit of Haile v. Cage. Judgment for plaintiff. Defendants moved for a new trial, which being denied, they appealed.

J. H. McKune for Appellants.

One of two joint-owners of personal property, cannot sustain an action in his own name, to recover such property or its value.

The party plaintiff, if he purchased the buggies at all, did not take or hold possession of them, and they remained on the premises of the vendor, and were there attached by the sheriff. This transaction is void, by the Statute of Frauds, as against Haile, one of the creditors, who is in this suit a defendant.

The jury found against the weight of evidence.

The plaintiff complains, that the defendants wrongfully took from his possession, and sold two buggies of the plaintiff, of the value of four hundred dollars.   The evidence of the witnesses of the plaintiff establishes the fact that the plaintiff was only 'one-half owner in the buggies; but the jury gave damages in favor of the plaintiff, the full amount of the value of the property.

Now the other part-owner does not complain, and the judgment stands for the full amount of the property.

This is such an excess of damage as cannot stand, and the excess is exactly ascertained—being one-half the amount of the judgment.

The defendants moved for a nonsuit, because the other joint-owner was not joined as plaintiff.

This was the earliest time when, with their knowledge of the transaction, they could take advantage of the matter.

The Court overruled the motion, and defendants excepted.

To show that this is error, we cite the following authorities: Civil Practice Act, §§ 12, 14; Mandeville . et al. v. Biggs, 2 Peters, 482; 2 Mason, 187, 1 Peters, 299 and 306; Wisely v. Blatchly, 1 Barb. Ch., 437; Wilson et al. v. Hamilton et al., 9 Johns., 442; Bailey v. Ingle et al., 2 Paige, 278; Mitchell v. Lennox, 2 Paige, 280; Broughton v. Allen, 11 Paige, 321.

The words in the statute "may join," as plaintiff, will be construed "must join."   Monell P., 13 Van Santvoord's Pl., 90; 9 Paige, 627.

The third error complained of, is also a good cause of reversal.

There was very little or no conflict of evidence, consequently all the facts sworn to must be regarded as true.   The employment of plaintiff by Cage & Hazelrig, the pretended sale just about the time an execution was levied, the non-delivery to, or at least non-retention of possession, by the plaintiff, are facts, although not undisputed in this case, yet are really uncontradicted in the testimony; and the jury, in finding for the plaintiff, found against both the law and the evidence.   See Weldon

*v*. Saffon, 12 New Hampshire, 171; Thomas *v*. Hatch, 3 Sumn., 170; Whitter *v*. Latham, 12 Conn., 392; Newson *v*. Lycan, 3 J. J. Marsh. R.; Yule *v*. Gale, 13 Conn., 185; Keggy *v*. Kite, 12 Illinois, 99; Franklin Bank *v*. Small, 26 Maine, 136; Page *v*. Carter, 8 B. Monroe, 192; Kelly *v*. Jackson, 6 Peters, 622.

*J. W. Smith* for Respondent.

The evidence of Cage and Fitch shows there was a sale and delivery, and a continual change of possession; and again, where the evidence given on the trial of a cause in the Court below, is conflicting, this Court has repeatedly decided the province of the jury is to believe or disbelieve any portion of the testimony, and they will not interfere. John C. Duel *v*. The Bear River and Auburn Mining Co., 5 Cal. Rep., 84; Taylor *v*. McKinley, 4 Cal., 104; Ainsby et al. *v*. Dickhouse et al., 4 Cal., 102; Bartlett *v*. Hogden, 3 Cal. R., 55; Charles Griswold et al. *v*. Wm. Sharp et al., 2 Cal. R., 17; Hopp *v*. Robb, 1 Cal. R., 373.

The plaintiff, Whitney, sues for four hundred dollars, the amount that the proof shows he paid for the property. Whether that was a whole or half-interest, I think cannot possibly affect the judgment, as that is the amount of the actual loss sustained by the plaintiff, and, as a matter of course, the exact measure of damage. 2 Greenleaf on Ev., §§ 253, 261, 266; Co. Lit., 257; 2 Bl. Comm., 438; Brockwood *v*. Allen, 7 Mass. R., 256; Bussy *v*. Donaldson, 4 Dall. Rep., 207; Ledgeworth on the Measure of Damages, (2d ed.,) 475; Finch *v*. Blount, 7 Carrington & Payne, 475; Cook *v*. Hartle, 8 Carrington & Payne, 568.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action of trover. The property was levied upon and sold by the defendant Stark, as sheriff, against E. H. Cage. The plaintiff had judgment in the Court below, and the defendants appealed.

The first error assigned by the learned counsel of defendants is, that the Court erred in refusing the motion of defendants for a nonsuit. It appeared clearly from the evidence of the plaintiff, that he was only a part-owner of the property,—one Hazelrig having an equal interest with him. All the parties in interest as plaintiffs, should be joined. Practice Act, §§ 12, 14; 1 Chitty's Plea., 65. But there are only two ways of taking advantage of the non-joinder, when the defect does not appear upon the face of the complaint; and that is either by answer or apportionment of the damages at the trial. Practice Act, §§ 40, 45; 1 Chit. Plea., 66; 9 Mass. R., 74; 1 Wend., 380. In equity, the objection should be taken by answer or demurrer. 2 Paige, 280. Where a part-owner brings an action in form, *ex delicto*, and the objection is not made by plea in abatement, the other part-

owner may afterwards sue alone. 1 Ch. Plea., 66. In this case, the objection was not made by answer. The nonsuit was, therefore, properly refused.

The next point made by the appellants is, that the Court should have granted them a new trial, as the verdict of the jury was against the evidence.

There was some conflict of evidence in reference to some facts; but there was no conflict in reference to the fact that the property was found in the possession of Cage, at the time the levy was made. It appeared that Cage had sold and delivered the property to plaintiff; but, that plaintiff had the property at the stable of Cage, with other property claimed by plaintiff. There was not such a continual change of possession, as to make the title pass as against creditors. Vance v. Boynton, Oct. Term, 1857.

Judgment reversed, new trial granted, and cause remanded.